KEATING v. STEVENSON et al.

(Supreme Court, Appellate Division, First Department.   November 12, 1897.)

1. TRUSTEES OF EXPRESS TRUST—LIABILITIES.
    The trustees of an express trust of real property are not liable in their official capacity as trustees for an injury resulting from their negligence in leaving the premises in a dangerous condition.

2. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.
    Where an action is brought against trustees as such, to recover damages for an injury resulting from their negligence, the trial court has no power to permit plaintiff to amend and charge the defendants personally with the liability; and, if such a substitution of a new cause of action could be allowed at all, it must be done at special term.

Appeal from trial term.

Action by Michael Keating against Sewannee Stevenson and others, as executors and trustees.   From a judgment entered on the

dismissal of the complaint at the trial term, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. Noble Hays, for appellant.
William G. McCrea, for respondents.

RUMSEY, J.    The defendants, by virtue of a devise to them in the will of David Stevenson, deceased, were the owners of certain premises in the city of New York, upon a trust to collect the rents and profits thereof, and pay them over to the beneficiaries named in the will in the manner provided therein.    They were charged, among other things, by the will, with the duty of keeping the property in repair.    On the 1st day of September, 1893, they had leased the premises to one Gallagher.    The evidence showed that, at the time the lease was made, a stairway leading into the cellar was in a ruinous and dangerous condition.    It appeared that on the 28th of September, 1893, the plaintiff was called upon, in the performance of his duty, to carry a keg of ale down these stairs into the cellar.    As he was doing so, the steps, one after another, gave way, and he was thrown to the ground at the bottom of the cellar, and the keg of ale fell upon him, inflicting injuries.    To recover for the damages sustained by this fall, he brought this action against the defendants, in their official capacity as trustees and executors.    At the close of the plaintiff's case, the judge granted a nonsuit, upon the ground that the defendants were not liable as trustees, but were liable personally, and therefore this action could not be maintained against them in their official capacity.    The correctness of this ruling is the only question that will be examined upon this appeal.

There is no doubt that, by virtue of the will of David Stevenson, the defendants became the legal owners of the property devised to them.    It is quite true that this legal ownership was subject to the duty of paying over the net rents to the beneficiaries named in the will; but that duty had no effect upon the legal title which was vested in the defendants.    So far as that was concerned, as to third persons, with regard to the management and control of the property, they were vested with the entire ownership of the estate. By reason of this ownership, it was their duty to use reasonable care that the property was not allowed to fall into disrepair, and, if it did so, it was a violation of the personal duty which the law imposed upon them, as owners of the property, to keep it reasonably safe for those persons who had occasion to use it.    This duty was imposed upon them in their capacity as owners of the legal estate.    It was a personal duty vested in them.    It was not one which the beneficiaries were called upon to superintend, or for which they had the slightest responsibility, because, although they were to receive the rents and profits of the estate, that beneficial interest gave them no authority whatever to exercise any control over the property.    They could work out their rights, if such rights were infringed, only by the interposition of the equitable powers of the court, which rec-

ognized the defendants as the legal owners of the property. Such being the case, there is no way in which the beneficiaries of this property could be said to be in anywise responsible for the failure to keep it in proper repair, which was the duty of the defendants in their capacity as the owners of the legal estate. All persons who had occasion to deal with this property must do so through the defendants. All the duties which devolve upon the owners of the property were the duties of the defendants. They existed entirely independent of any trust estate which there might be in the land, and could be enforced against the defendants in their personal capacity whenever it might be necessary to do so. The failure to use reasonable care to keep the premises in proper repair was a tort, and any one who was injured by such neglect had his cause of action, not only against the defendants jointly, but against any one of them individually, because the neglect was the tort of each person as much as it was the tort of all of them.

The failure to repair being a neglect of the personal duty imposed upon the defendants by virtue of their legal ownership, they, in the first instance, must be held personally liable for it. There is no reason apparent upon this record why it could be held that the estate which they represented in a certain sense should be charged with any of the damages resulting from this act which were imposed upon them personally. If it should turn out in the settlement of the estate, for any reason, that it was the estate, and not the defendants, which was properly chargeable with the payment of any damages for such neglect, undoubtedly the defendants would be authorized to retain the amount of such damages from the rents. But, unless something of that kind was made to appear, the liability, being personal to the defendants, could not be made a charge upon the estate. The case is not like any of those in which it has been permitted to plaintiffs to maintain actions for negligence against receivers who were in possession of the property under the orders of the court. Such receivers are in no sense the owners of the property, and they have no legal title to it. The property is in the court for its management and administration, and the receiver is an officer of the court, being under its orders, and carrying out its directions. The servants whom he is obliged to employ are employed by him solely in his official capacity, and by virtue of his official duty, and they do not in any way represent him personally. For that reason it has been held in many cases that, in the absence of any personal neglect of the receiver, he is not liable personally for the neglect of his servants. Meara's Adm'r v. Holbrook, 20 Ohio St. 137; Cardot v. Barney, 63 N. Y. 281; Barton v. Barbour, 104 U. S. 128. It is different in a case where the receiver is guilty of personal negligence, or where he has entered into some contract relation with the particular piece of property which was the subject of the negligence; so that he is personally responsible for its proper condition. In such a case he would be held liable for any neglect in the management of the property, upon the sole ground of his legal relation to it as owner. Kain v. Smith, 80 N. Y. 458. The duty of the care of the property seems to be one that is inherent in the ownership of it, and the dis-

tinction seems to be that the person who is legally the owner of the property has imposed upon him, by reason of that ownership, the duty of keeping it in proper repair, and that for a violation of that duty he is personally liable; whereas, if he has no title to the property, but simply performs certain duties which are imposed upon him with reference to it, his liability is not personal, but grows out of his official situation. It is to be noticed in this form of action that the defendants would be liable to be arrested in the proper case, and, if judgment went against them, a body execution might be issued against them. All of that shows that the violation of the duty insisted upon is one which is personal to them, and not official.

The case of an action against an assignee in bankruptcy or a receiver or other trustee to foreclose his interest in the property is not analogous, because in that case the thing attacked is only his property right which is sought to be taken away, and for that reason it is necessary that he should be made a party in his official capacity. But in such a case as this no remedy is sought against the property. It is against the individual for his personal neglect. The rule is similar to that one which is applied in actions against executors for acts done by them in regard to the management of the property which they hold in their official capacity. They have the legal title to this property, and, having that, they are personally responsible, by reason of the legal title, to third parties dealing with them with relation to the property, precisely as though no one else had any beneficial interest in it. For these reasons, the action of the trial court was proper in holding that the defendants were not liable in their official capacity, so as to charge the estate with the negligence complained of, and the complaint was properly dismissed.

The refusal on the part of the trial court to admit an amendment of the complaint was proper. The action had been brought against the defendants to charge the estate, because they were to be charged as trustees. The effect of the amendment would be to charge them personally. This was, in effect, the substitution of an entirely new cause of action; and the court, at the trial term, had no power to permit such an amendment, but, if it was to be granted at all, it must be done at the special term.

The judgment must be affirmed, with costs to the respondents. All concur.