### FREDERICK A. STOKES CO. v. CARELL.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

BANKRUPTCY (§ 114*)—EMPLOYÉ OF RECEIVER—NEGLIGENCE—LIABILITY OF RECEIVER.

 A receiver in bankruptcy is not personally liable for negligence of a person employed by him to remove property which he was authorized to remove; he not being negligent in the selection of such employé.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Frederick A. Stokes Company against William F. Carell. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Frank M. Patterson, of New York City (Frederick Mellor, of New York City, of counsel), for appellant.

Frederick Trevor Hill, of New York City, for respondent.

PER CURIAM. The action is based upon negligence. Defendant's original possession was lawful, because the bankrupts were bailees of the plates. There was no adverse claim to the possession of the property until after it had been removed to the warehouse from the premises of the bankrupts. Such removal was within defendant's powers as receiver, and was a lawful official act. Whatever damage or loss occurred as an incident to such removal and storage was not from any personal act of defendant, but was due to the negligence of his servants, in whose selection there was no proof defendant was negligent. Under such circumstances, defendant is not personally liable. Donovan v. McAlpin, 85 N. Y. 185, 39 Am. Rep. 649; Cardot v. Barney, 63 N. Y. 281, 20 Am. Rep. 533; Sager Mfg. Co. v. Smith, 45 App. Div. 358, 60 N. Y. Supp. 849; Keating v. Stevenson, 21 App. Div. 604, 47 N. Y. Supp. 847.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.