# CHARLESTON.

J. N. POTTS, *et als., Trustees,* v. LONGEST & TESSIER COMPANY, *et als., Defendants.*

Submitted April 6. 1920.    Decided April 13, 1920.

1. RELIGIOUS SOCIETIES—*Trustees May Maintain Suits to Vindicate Property Rights.*

   Under the provisions of sections one and two of chapter 57 of the Code all of the property which a religious society is authorized to hold for its purposes is vested in the trustees provided for in said chapter, and by the provisions of § 7 of said chapter such trustees have the authority to maintain any suit necessary or appropriate for the vindication of any of the property rights of such religious society.  (p. 161).

2. SAME—*Suit on Contractor's Bond May be Brought in Name of Trustee.*

   Where a religious society enters into a contract for the construction of a church building, and takes from the contractor a bond payable to itself, and such contractor fails in the performance of such contract, a suit on such bond to recover the indemnity provided thereby may be maintained in the name of the trustees of such religious society.  (p. 161).

3. SAME—*Acts of Society's Committee Within its Authority is Binding Upon Congregation.*

   The congregation composing a religious society may appoint a committee or committees for the purpose of performing any act which it may lawfully perform, and the act of such committee or committees within the scope of the authority conferred, will be binding upon such congregation or association.  (p. 163).

4. ESTOPPEL—*Obligors Estopped to Deny Recital in Bond That Agents Making Contract Were Authorized.*

The obligors in a bond given to a religious society for the purpose of securing the performance of a contract for the construction of a church edifice are estopped to deny the recitals of the bond that the agents through whom the contract was made and the bond given were duly authorized by such religious society for the purpose.   (p. 163).

Certified Questions from Circuit Court, Cabell County.

Suit by J. N. Potts and others, trustees, against the Longest & Tessier Company and the United States Fidelity & Guaranty Company and others.   Demurrers to original and amended declarations overruled, and questions certified.

*Affirmed.*

*G. I. Neal, Marcum & Marcum,* and *Marcum & Shepherd,* for plaintiffs.

*Simms & Staker* and *Holt, Duncan & Holt,* for defendants.

RITZ, JUDGE:

The Fifth Avenue Baptist Church of Huntington, West Virginia, desiring to construct a new church building, on the 27th of November, 1916, through a building committee, entered into a contract with the defendant Longest & Tessier Company, a corporation, for the construction of such church edifice, for the sum of $92,573.09.   The contract was signed by "Fifth Avenue Baptist Church," as well as by the individual members of the building committee, and by the Longest & Tessier Company.   By the terms of this contract the contractor agreed to give bond conditioned for the performance of the contract upon its part, and the defendant United States Fidelity & Guaranty Company became surety upon this bond in the penalty of $46,286.54.   The bond is payable to "Fifth Avenue Baptist Church of Huntington, West Virginia, represented by the following duly authorized building committee appointed by the congregation of said church, J. L. Hawkins, Chairman, R. L. Hutchinson, W. L. Rece, W. L. Robinson and J. R. Marcum."   The contractor entered upon the work, but before its completion failed financially and went into bankruptcy.   The bankrupt court, deeming the contract an unprofitable one, declined to direct the trustee to

complete it.   The Guaranty Company was then called upon by
the church to complete the building, there being a condition in
the bond that in case the contractor failed the Guaranty Com-
pany, if it desired to do so, should have the right to complete the
contract.   The Guaranty Company declined to complete the
building under the contract, and the same was prosecuted to
completion by the church authorities for a sum considerably in
excess of the contract price, and this suit was brought to re-
cover   upon the bond the difference between the contract price
and the amount spent by the church in the construction of the
building.   The suit was instituted by J. N. Potts, J. H. Cam-
mack, Homer Bell and R. L. Hutchinson, Trustees of the Fifth
Avenue Baptist Church of Huntington, West Virginia, and a
declaration was filed in their names assigning the breaches of
the conditions of the bond, as above stated, and claiming dam-
ages to the amount of the penalty thereof.   The defendant
Guaranty Company demurred to the declaration upon the
ground that the trustees of the church could not maintain the
suit for the reason that their powers are prescribed by chapter
57 of the Code, and that among the powers conferred upon them
is not the right to prosecute such a suit as this, and for the fur-
ther reason that the obligee in the bond is the Fifth Avenue Bap-
tist Church of Huntington, West Virginia, represented by the
building committee named, and not the trustees, and further be-
cause the contract set up and relied upon, to secure the perform-
ance of which the bond was given, and also the bond, are invalid
and not enforceable in a court of law.   This demurrer was over-
ruled, and the plaintiffs thereupon asked leave to file an amended
declaration, which leave the court granted over the objection of
the defendant Guaranty Company.   The only difference in the
two declarations is that in the amended declaration, in addi-
tion to the allegations contained in the original one, is the fur-
ther charge that the suit is brought by the plaintiffs for and
on behalf of all of the members of said church, and further that
the plaintiffs are members of said church, and are the duly
authorized trustees thereof, and have been regularly authorized
by the congregation which consists of more than twelve hundred
members to prosecute the suit.   A demurrer was likewise filed
to this amended declaration, the grounds thereof being prac-

tically the same as the grounds for the demurrer to the original declaration, except the additional ground is assigned that by the amended declaration a new cause of action is set up, that it virtually presents a different suit from that set up in the original declaration. This demurrer was likewise overruled, and the questions arising upon said demurrers certified to this Court for decision.

It is earnestly insisted that the amended declaration presents a cause of action different from that presented by the original declaration, and for that reason it is urged that it should not have been allowed to be filed, the argument being that the first declaration is filed by the trustees of the church, and the claim asserted by them, while the amended declaration seeks to assert a claim by the same parties, but in their names as members of the congregation, and on behalf of the whole congregation, and not in their character as trustees.. It is true the amended declaration does charge that the plaintiff's trustees are members of the congregation of the Fifth Avenue Baptist Church, and that the congregation of said church is composed of more than twelve hundred members, and that the suit is brought on behalf of themselves and all other members of the church. This does not make any different cause of action or seek to introduce any new plaintiffs in the suit. It is simply a more explicit statement of the representative capacity in which the plaintiffs sue, and is intended to make it perfectly plain that the language, "Trustees of the Fifth Avenue Baptist Church" is not descriptive of their persons, but that the suit is for the benefit of the congregation of that church, and that the plaintiffs have no interest in the cause of action other than as members of that congregation. It may be that the original declaration sufficiently showed the representative capacity in which plaintiffs were suing, but whether it did or not there could be no objection to this matter being more explicitly and plainly declared.

It is urged that inasmuch as this bond is not payable to plaintiffs as trustees, but is payable to the Fifth Avenue Baptist Church, represented by a certain named building committee, the trustees cannot maintain the action; that it could only be maintained in the name of the building committee named therein. The bond on its face shows that the members of the building

committee are not the obligees.  They are simply represented to be the agents of the church for the purpose of carrying on its building operations.    The real obligee named in the bond is the Fifth Avenue Baptist Church of Huntington, West Virginia. Of course it is well known that this organization is a voluntary association for religious purposes.  It cannot under our law be a corporation, and if the strict rules of the common law still prevailed the suit would have to be brought in the names of all of the members of the congregation constituting the voluntary religious association of the Fifth Avenue Baptist Church of Huntington, West Virginia.  There would be no different situation than if the bond were payable to a partnership by its firm name. Suit would have to be brought thereon by the individual partners trading by the designated partnership name.  And the fact that it appears from the obligation that the obligee was represented by certain agents does not constitute those agents obligees in the bond any more than would be the case if the bond were payable to a certain business partnership represented by a certain agent duly authorized thereto.  No one would ever think of bringing suit upon such a bond in the name of the agent.  So in this case whatever suit may be maintained upon this bond must be maintained by the Fifth Avenue Baptist Church of Huntington, West Virginia, the obligee therein.

But it is contended that the trustees have no authority to prosecute such a suit, for the reason that it is not expressly conferred upon them by statute, and it would necessarily follow, if this is true, that all of the members of the congregation would have to join in the suit as plaintiffs.  There is no doubt, as before stated, but that at common law such would be the case. However, even without the aid of any statutory provisions the courts in many jurisdictions have relaxed that rule, and where the number of members of the association is so great as to make it vexatious and inconvenient to join all of them as parties to the suit such suit has been allowed to be prosecuted in the name of a few of the members for the benefit of the whole number.    23 R. C. L., Title "Religious Societies" § 33; *Perkins* v. *Seigfried,* 97 Va. 444; *Phipps* v. *Jones,* 20 Pa. St. 260, 59 Am. Dec. 708; *Owen* 1. Henman, 1 Watts and Sergeant, 548, 37 Am. Dec. 481.  Under our law religious societies are per-

mitted to own and hold property for limited purposes and uses. They are not permitted to engage in business for gain, or to hold property for the purpose of speculation or the realization of profits therefrom, but they are permitted to own and hold such property as is necessary and reasonably appropriate to the purposes of their organization. This necessarily includes buildings for the purpose of public worship, and such furniture and equipment as is reasonably required therefor and, of course, the right to own such structures carries with it the power to build them, or to contract with others for that purpose, so that the right of a religious society in this state to erect buildings for public worship, or to contract with others for the purpose of erecting such buildings, cannot be doubted, nor does the defendant Guaranty Company in this case doubt that the church has such right, but the argument it makes would seem to indicate that while a church has a right to make such a contract it is entirely without authority to enforce the same in case the contractor is guilty of a breach thereof. By the provisions of sections one and two of chapter 57 of the Code, all of the property and property rights of such a religious society are vested in trustees appointed under the provisions of that chapter. It will be noted that the title of real estate, by the terms of § 1 of the chapter, is vested in the trustees, and by § 2 the title to all books, furniture or other personal property that shall be acquired for the benefit of such society to be used on the land in the ceremonies of public worship, or at the residence of their minister, shall be vested in the trustees, and by the provision of § 7 said trustees are given authority to institute and prosecute such suits as may be necessary to vindicate the property rights vested in them by sections one and two. But it is insisted that the cause of action involved here is not such a right as is vested in the trustees under the provisions of sections one and two. It is a right which grows out of the breach of a contract for the construction of a building upon a lot, the title to which is vested in the trustees, and which building when constructed would, under the provisions of the law be vested in said trustees. As before stated, the power of the church to make this contract cannot be denied. Having the authority to own buildings for the purpose of public worship, it necessarily has the power to ac-

quire the same either by purchase or by having the same built for it under contract. The church is authorized to use its funds only for its religious purposes, and these religious purposes are limited by law to the purchase of real estate or personal property to be used in connection with such real estate, and to vindicate any infraction of those rights the trustees are given the power to maintain suits. Any recovery in this case would go for the purpose of either assisting in paying for the building erected upon the property, or in acquiring means to be used for the religious objects of the congregation. The chose in action which the church has is for the benefit of the congregation, and to be used only for the purposes prescribed by law. This being true, the legal title thereto under sections one and two of chapter 57 of the Code, is vested in the trustees. The manifest purpose of that legislation was to vest title to all property which a religious society might hold in trustees, so that there would be a clear well defined method of vindicating the rights of the congregation to such property without resort to the vexatious proceeding of having all of the members of the congregation join in a suit, or the questionable proceeding of having the suit brought by a committee on behalf of themselves and all other members of the association. This right of action is as much property of the church to be used on its land in connection with the public worship conducted by it as any other property it possesses. It cannot under the law be used for any other purpose.'

The defendant Guaranty Company further insists that the contract entered into by the church with the defendant Longest & Tessier Company, and also the bond given to secure the performance of that contract, are invalid, for the reason that the church could not make such a contract through a building committee. It is not questioned that it is such a contract as the congregation could make, and this being true it is difficult to understand why the congregation might not appoint suitable agents for the purpose of acting for it. Then again, the obligors in this bond cannot deny the authority of the committee to act. The contract is such a one as the church had a right to make, and the bond reciting that the committee was duly authorized to that end, the obligors are estopped to deny its re-

citals or the authority of the committee to act in the premises. *Shull* v. *Guaranty Co.*, 81 W. Va., 184; *Beardsley* v. *Ashdown*, 73 W. Va. 132; *Town of Point Pleasant* v. *Greenlee*, 63 W. Va. 207; *Talbott* v. *Curtis*, 65 W. Va. 132.

It follows from what we have said that the court below committed no error in overruling the demurrers to the original and amended declarations, and we answer the questions certified accordingly.

*Affirmed.*