JEAN BOYLE, PLAINTIFF-RESPONDENT, v. LEO NOLAN AND PETER J. McGINNIS, AS EXECUTORS OF THE ESTATE OF CAROLINE NOLAN, DECEASED, AND LEO NOLAN AND PETER J. McGINNIS, INDIVIDUALLY, DEFENDANTS-APPELLANTS.

Submitted May 26, 1939—Decided September 22, 1939.

For the plaintiff-respondent, *A. Leon Kohlreiter*.

For the defendants-appellants Leo Nolan and Peter J. McGinnis, as executors of the estate of Caroline Nolan, deceased, *Cox & Walburg*.

For the defendants-appellants Leo Nolan and Peter J. McGinnis, individually, *Ward & McGinnis*.

The opinion of the court was delivered by

WELLS, J. This case involves two appeals from the New Jersey Supreme Court, Passaic Circuit, one taken by the defendants-appellants Leo Nolan and Peter J. McGinnis, as executors of the estate of Caroline Nolan, deceased, and the other taken by the defendants-appellants, Leo Nolan and Peter J. McGinnis, individually. The appeals are taken from a judgment entered on the verdict of a jury in favor of the plaintiff-respondent, Jean Boyle, and against the defendants-appellants, in the amount of $15,000, later reduced to $10,000 on a rule to show cause.

Nolan and McGinnis, as executors under the will of Caroline Nolan, were the owners of certain premises known as 18

Prince street in the city of Paterson. For some years these premises had been rented on a month-to-month tenancy to one James Boyle, father of the plaintiff, and the tenancy was continued under the executors after the death of Caroline Nolan.

On September 7th, 1937, the plaintiff, Jean Boyle, was residing at these premises with her father. In the evening of that day when Miss Boyle was leaving the house, the porch collapsed under her, resulting in the injuries which form the basis of this action.

At the trial the plaintiff produced testimony tending to show that the collapse of the porch was due to faulty repairs made to the premises after the assumption of executorship by Nolan and McGinnis. Further testimony placed Nolan on the premises at the time the repairs were being made, and charged him with knowledge of and acquiescence in the doing of a "cheap job." Thus, the gravamen of the complaint, as shown by the allegations and proof, is that Nolan and McGinnis, owners of the rented premises as executors, undertook repairs and performed that undertaking in such a negligent manner as to cause injury to the plaintiff.

The defendants denied any participation in or knowledge of faulty construction and offered testimony to the effect that the repairs in question were made during the lifetime of the decedent. Motions for nonsuit and directed verdict were denied, and upon submission of the case to the jury there resulted the verdict and consequent judgment from which these appeals are taken.

Nolan and McGinnis, individually, base their appeal on the fact that the trial court, at the close of the plaintiff's case, allowed a motion to join them as defendants in their individual capacity, whereas process had been served upon them only as executors and trustees.

This appeal on the part of Nolan and McGinnis, as individuals, is somewhat complicated by the action of counsel at the trial. The record reveals that the action was originally brought against Nolan and McGinnis as executors and trustees. After the jury was sworn, the plaintiff moved to amend the complaint so as to make Nolan and McGinnis defendants

in their individual capacity. This was acquiesced in by Mr. Cox, appearing for the defendants, who suggested how the amendments to the pleadings should be stated.

At the close of the plaintiff's case a motion was made for nonsuit on behalf of McGinnis, as an individual, on the ground that the only act of negligence was one charged against Nolan, acting in the absence and without the knowledge of McGinnis. It was further stated by counsel that a nonsuit should be granted for both defendants, as individuals, because the accident occurred after the death of Caroline Nolan. Thereupon the plaintiff's counsel said, "We will consent to striking out the count wherein we sued them as individuals;" and the court replied, "All right, it is discontinued against them by consent." After further discussion, the action was also discontinued, by consent, against the defendants as trustees, reducing the complaint to one against them as executors only.

Motion for nonsuit was then made on the grounds that the defendants, as executors, were not guilty of any breach of duty owing to the plaintiff, and were not guilty of any negligence which was the proximate cause of the accident. This motion was denied and an exception taken. The trial was thereupon adjourned until the next day.

On the following morning Mr. Cox again moved for a nonsuit on the additional ground that the liability, if any, was chargeable to the defendants as individuals, and not as executors. This motion was denied and an exception taken.

Because of this last motion by the defendants, the plaintiff's counsel then sought to withdraw the consent to the discontinuance of the action against the defendants as individuals. It was stated that such consent was given "relying upon the fact that the case would go to the jury on the count against the defendants as executors, and that no motion would be made as to the character or designation of the defendants as executors." We note in passing that we can find nothing in the record to justify this assumption.

In the discussion which followed, Mr. Cox stated that he had not opposed the previous amendment of the pleadings to include the defendants as individuals because he was under

the mistaken impression that the policy of insurance covered them as individuals as well as executors; and that because of this misunderstanding he had acted without speaking to the defendants or obtaining their permission. Having learned in the meantime that the policy did not cover the defendants as individuals, Mr. Cox further stated that he had no authority to represent them as such and asked the court to consider his previous action as void.

The court then ruled that Mr. Cox had a right to withdraw his previous consent under the circumstances, and suggested that the plaintiff again move to amend the complaint to bring in Nolan and McGinnis as defendants in their individual capacity. Over objection by both Mr. Cox and Mr. McGinnis such motion was granted, and an exception taken which raises the question on this appeal.

Whatever may have happened at an earlier stage in the proceedings, we think that a decision in this matter must be made with reference to the case as it stood when the plaintiff's last-mentioned motion was made. At that time, there was an action duly instituted against the defendants as executors only. No complaint had been made or process issued against Nolan and McGinnis as individuals, and, so far as they were concerned, no defense was called for except as they had been charged with negligence in a representative capacity. Such being true, they could not be made defendants as individuals except by consent or service of legal process. *Hubbard* v. *Montross Metal Shingle Co.,* 79 *N. J. L.* 210. There had been no service of process, and any consent which might have been given was withdrawn with the court's permission as made without authority.

The plaintiff-respondent contends that no error was committed since the defendants had been in court the whole time and the amendment merely made them defendants in a different capacity. However true this may be, we think that these defendants, not having validly consented to an action against them as individuals, were entitled to proper service and notice which would allow the retaining of counsel and the preparation of a proper defense. To this extent they must be protected in their right to due process of law, as was previ-

ously held in the analogous case of *Hubbard* v. *Montross Metal Shingle Co., supra.* Plaintiff-respondent says that the case of *Jefferson* v. *Hotel Cape May,* 82 *N. J. L.* 32, is more closely analogous to the case at bar. The question presented there merely related to an amendment to the pleadings which changed the name of a corporation duly and properly served, and accordingly it is not applicable here.

For reasons above stated the judgment against the defendants, as individuals, is reversed.

Nolan and McGinnis, as executors, rely generally on the following grounds of appeal: (1) that a nonsuit or directed verdict should have been granted because the plaintiff failed to produce testimony to establish a violation of any duty owing to the plaintiff or any act of negligence which was the proximate cause of the accident; (2) that a nonsuit or directed verdict should have been granted because there was no legal liability on the part of the defendants as executors; and (3) that the trial court erred in molding the verdict.

We think that there is no merit to the first above stated ground of appeal. A review of the evidence clearly indicates that there was sufficient testimony elicited by the plaintiff which would sustain the action of the trial court in submitting to the jury the question of negligence and violation of duty owing to the plaintiff. However, the second ground of appeal, which questions the existence of any legal liability whatsoever, presents a more difficult problem.

Nolan and McGinnis, as executors, contend that their liability for negligence, if any, was as individuals and not as executors.

Reliance is thus placed on the long standing rule succinctly stated in 11 *R. C. L.* (at *p.* 172), as follows:

"It is a general rule that the estate of a decedent is not liable for the tortious act of an executor or administrator committed in the course of his administration; and no action can be maintained against him in his representative character for a wrongful act committed by him, whereby a personal injury is inflicted upon another. Neither an executor nor an administrator can, as such, commit a tort so as to bind the

estate, but he will, however, be liable in his individual capacity for his own torts even when committed in the management of the estate."

To the same effect is *Corp. Jur.* 24 (at *p.* 741).

This question of law has never been definitely decided in this state, although it has been settled by this court in the case of *O'Malley* v. *Gerth,* 67 *N. J. L.* 610; 52 *Atl. Rep.* 563, that when executors have possession and control of trust property they are personally liable for injuries or damage resulting from their negligence in the maintenance and care of such property, and that whether they may have indemnity out of the trust estate is of no concern as to third parties.

The plaintiff-respondent contends that the modern trend of authority is to hold that where the representative of an estate has taken control and management of trust property and he acts in good faith, an action in tort may be maintained directly against the estate. The present day operation of estates as going concerns and the elimination of circuity of action whereby the executors held individually liable must then apply to be reimbursed by the estate, are urged as substantial reasons for such holding. In support of this contention, plaintiff-respondent cites the following cases: *Raybould* v. *Turner,* 1 *Ch.* 199; *In re Lather's Will,* 243 *N. Y. Supp.* 366; *Bennett* v. *Wyndham,* 4 *De. G. F. & J.* 259; *Ewing* v. *Foley, Inc. (Texas),* 280 *S. W. Rep.* 499; *Smith* v. *Coleman (Fla.),* 132 *So. Rep.* 198; *Ross* v. *Moses (S. Car.),* 179 *S. E. Rep.* 757; *Smith* v. *Rizzulo (Neb.),* 276 *N. W. Rep.* 406, and *Kirchner* v. *Muller,* 5 *N. Y. Supp.* (*2d*) 161. Of the above cited cases the first two are not applicable because they are suits for indemnity or reimbursement after judgments had already been obtained for the tort. An examination of the other above cited cases shows that where a tort action has been allowed directly against the estate or its representatives the following elements have been present; (1) at the time the injury was incurred, the representatives were engaged in an activity for which they had authority in the administration of the estate; (2) the representatives were without personal fault; and (3) there was a clear right, on the part of the representatives, to indemnity from the estate.

In the present case there is nothing to show any legal obligation on Nolan and McGinnis as executors to make repairs. On the contrary, the entire action is based on a contention that the executors undertook to make repairs and then made them in a negligent manner. Although the act of repairing might have resulted in ultimate benefit to the estate, the performance of such act was not an obligation imposed by nor necessarily authorized by the duties of administration.

Since the decision to make repairs was necessarily personal with the executors, it follows that the executors would not be "without personal fault" in relation to the injuries of the plaintiff. Furthermore, the plaintiff attached great weight to testimony that Nolan was present during the making of the repairs and gave tacit approval to a "cheap job." To such an extent the executors have necessarily been accused of individual and personal participation in a course of action shown to have resulted in the plaintiff's injury.

In thus considering the entire situation, we find that two of those elements are lacking which would bring the present case within the authorities on which the plaintiff relies. And if these two be lacking, there must necessarily be some doubt as to the right of indemnity which is not presently in controversy.

We find, therefore, that the rule cited *supra* relied on by the defendants-appellants is controlling here, and that the trial court erred in not holding them to be free of legal liability as executors.

In light of the above there is no occasion to consider the further ground of appeal that the court erred in molding the verdict.

The judgment against the defendants-appellants, as executors, is also reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.    15.