JAMES BRADFORD MARION

*v.*

GRANT CHANDLER, *et al.,* TRUSTEES LOCAL UNION No. 9, *etc.*

(CC 810)

Submitted January 19, 1954. Decided March 30, 1954.

John J. Lane, for plaintiff.

*Steptoe and Johnson, Wilson Anderson,* for defendants.

HAYMOND, JUDGE:

The plaintiff James Bradford Marion instituted this action of trespass on the case in the Court of Common Pleas of Kanawha County, to recover damages for personal injuries caused by the alleged negligence of the defendants, Grant Chandler, Kiles Chandler and Harrison King, as

trustees of The Bricklayers, Masons, Marble-Masons, Tile-Setters, and Terrazzo Workers Local Union No. 9 of West Virginia, of The Bricklayers, Masons, and Plasterers International Union of America, and Preston Stamper.

To the amended declaration of the plaintiff the trustees filed a demurrer and a special plea and the plaintiff filed a demurrer to the plea. The court of common pleas overruled the demurrer to the amended declaration, sustained the demurrer to the special plea, and certified certain questions arising upon the demurrers to the Circuit Court of Kanawha County which affirmed the rulings of the court of common pleas and certified the questions to this Court. The defendant Preston Stamper has made no appearance in the case.

The amended declaration alleges in substance that the trustees of the local union are holders and owners of the legal title to a certain two story brick building located on Lee Street in Charleston, Kanawha County; that they or their predecessors in office caused the building to be constructed; that they leased the ground floor to the defendant Preston Stamper who operated a retail tavern business on that floor of the building when the grievances complained of occurred on April 12, 1953; that the trustees and the defendant Stamper then exercised joint control over the first floor of the building; that the plaintiff on April 12, 1953, as a customer and invitee of the defendant Preston Stamper, was legally and properly in and about the first floor of the building; that notwithstanding the respective duties of the defendants in the premises, the trustees or their predecessors in office negligently caused to be installed in the building gas transmission lines in such manner that they would have been accidentally broken, negligently failed to install securely fastened gas connections to stoves, heaters and other appliances, and, in violation of an ordinance of the City of Charleston, negligently failed to maintain the building in a manner which would prevent the accidental breaking of such gas transmission lines; that the defendant Preston Stamper negligently failed to take proper safeguards against the

accidental breaking of such gas transmission lines and negligently failed to correct the faulty construction and installation of such gas transmission lines while they were under his control in violation of such ordinance; that on April 12, 1953, the plaintiff, as a customer and invitee of the defendant Preston Stamper in and about his business on the ground floor of the building, entered a toilet room used in connection with the business conducted by the defendant Preston Stamper; that without the knowledge of the plaintiff and without warning to him the gas transmission line from the meter to gas heaters or appliances, because of its negligent installation and because it was not securely fastened in place, had previously been accidentally broken and the toilet room had become filled with gas which then exploded and ignited; that the negligent installation of the gas transmission line and the negligent failure of the defendants to keep such line securely fastened proximately caused the gas to explode; that as the result of such explosion the plaintiff was wounded and severely burned in and about his person and his eyesight and hearing permanently impaired; and that the plaintiff suffered permanent injuries to his person and sustained damages in the amount of $25,000.00.

By their special plea the trustees allege that the process in this action was served upon them as individuals; that Local Union No. 9 is an unincorporated association of over two hundred fifty members and no action can be maintained against it without naming all of them as defendants; that the designation of the defendants as trustees is merely descriptive and the cause of action alleged by the plaintiff is against the defendants individually; that the defendants can not be sued in their representative capacity as trustees of an unincorporated association; that the cause of action of the plaintiff, if any he has, must be prosecuted against all the members of Local Union No. 9; and that the defendants, owners of real estate as trustees for Local Union No. 9, a labor union, can not be sued in their representative capacity for a tort as charged by the plaintiff in his amended declaration.

Under the foregoing plea the trustees base their defense to the action on these two principal grounds: (1) The action of the plaintiff, as set forth in the amended declaration, is against the defendants individually and not against them as trustees of Local Union No. 9 in their representative capacity; and (2) if the action, under the allegations of the declaration, is against the defendants as trustees of an unincorporated association holding title to real estate it can not be maintained against them in their representative capacity to recover damages for an injury caused by the negligent construction and maintenance of a building on the property.

The two legal questions certified to this Court by the circuit court are: (1) Whether upon the pleadings the plaintiff has sued the defendants individually or as trustees in their representative capacity; and (2) whether an action for a tort may be maintained against the trustees of a labor union, in their representative capacity, in whose name title to real estate is held when the alleged tort occurred in and resulted from negligent construction and maintenance of a building on the property.

When a person is a party to a written instrument, such as a deed or a note, or process or a pleading in a case, and is mentioned or referred to merely by a particular title, name, or office, such person is considered to be a party only in his individual capacity and not in his representative capacity. Such designations or references are regarded as merely descriptive of the person, apply to such person only in his individual capacity, and serve no purpose other than that of description and identification of the person. *Milam* v. *Settle,* 127 W. Va. 271, 20 S. E. 2d 269; *Hardesty, Receiver* v. *Fairmont Supply Company,* 123 W. Va. 161, 14 S. E. 2d 436; *Hyman* v. *Swint,* 94 W. Va. 627, 119 S. E. 866; *Donahue* v. *Rafferty,* 82 W. Va. 535, 96 S. E. 935; *Hanson* v. *Blake,* 63 W. Va. 560, 60 S. E. 589; *Thompson and Lively* v. *Mann,* 53 W. Va. 432, 44 S. E. 246; *Exchange Bank of Virginia* v. *County of Lewis,* 28 W. Va. 273; *Rand and Minsker* v. *Hale,* 3 W. Va. 495.

In the *Milam* case, in discussing this point, this Court said: "The issuance of process against an individual defendant, and merely describing him as a public official, officer or agent of a corporation, or the agent of an individual, does not in any wise implead him in his official capacity, or in any representative capacity. Of course, public officials may be proceeded against in their official capacity, but they must be impleaded as such, in which case the rule of *descriptio personae* does not apply. The word 'as' is of importance in such cases, and the failure to use it in this instance indicates to us that the individual defendants were not intended to be sued in any representative capacity."

Whether words used in connection with the name of a plaintiff or a defendant in a case, however, are to be considered as descriptive of the person, or of the character in which he sues or is sued, is to be determined from all the allegations of the pleading filed by the plaintiff. *Massey* v. *Payne,* 109 W. Va. 529, 155 S. E. 658; *Thurmond* v. *Guyan Valley Coal Company,* 85 W. Va. 501, 102 S. E. 221; *Hanson* v. *Blake,* 63 W. Va. 560, 60 S. E. 589; *Rowland* v. *Rowland,* 204 Ga. 603, 50 S. E. 2d 343; 8 M. J., Executors and Administrators, Section 293. The allegations of the amended declaration are not merely descriptive of the defendants, who, as trustees, are alleged to be the owners of the building in which the plaintiff sustained his injuries. The negligent acts and omissions of the trustees, set forth in the amended declaration, are charged against them in their representative capacity as trustees of the local union; and the allegations of the amended declaration in its entirety are sufficient to show that this action is prosecuted by the plaintiff against the trustees in their representative capacity as such trustees.

Though there is a conflict in the decisions with respect to liability for a tort committed by a trustee, the general rule, supported by many cases, is that the estate is not liable but that the trustee is personally liable for a tort committed by such trustee. See Annotation I a, 123 A. L. R. 459; Annotation II, 44 A. L. R. 640; Annotation I a and

b, 7 A. L. R. 408; and the cases in different jurisdictions cited in each annotation. In some jurisdictions, however, the estate is held to be liable for an injury caused by the tort of the trustee under an active trust which charges him with the duty of carrying on business. 54 Am. Jur., Trusts, Section 494; *Smith* v. *Coleman,* 100 Fla. 1707, 132 So. 198; *Dobbs* v. *Noble,* 55 Ga. App. 201, 189 S. E. 694; *Wright* v. *Caney River Railway Company*, 151 N. C. 529, 66 S. E. 588, 19 Ann. Cas. 384. In *Ewing* v. *Foley,* 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627, the estate was held liable for an injury caused by the negligence of the agents of the trustees in the construction of a building.

In *Keating* v. *Stevenson,* 21 App. Div. 604, 47 N. Y. Supp. 847, in which trustees, who under a will were owners of real estate and as such owners were charged with the duty of repairing the premises, were held personally liable for negligently failing to make repairs by reason of which the plaintiff sustained an injury, the reason for the majority rule which relieves the estate from liability for a tort committed by the trustee and imposes personal liability upon the trustee, is stated in these words: "The failure to repair being a neglect of the personal duty imposed upon the defendants by virtue of their legal ownership, they, in the first instance, must be held personally liable for it. There is no reason apparent upon this record why it could be held that the estate which they represented in a certain sense should be charged with any of the damages resulting from this act which were imposed upon them personally. If it should turn out in the settlement of the estate, for any reason, that it was the estate, and not the defendants, which was properly chargeable with the payment of any damages for such neglect, undoubtedly the defendants would be authorized to retain the amount of such damages from the rents. But, unless something of that kind was made to appear, the liability, being personal to the defendants, could not be made a charge upon the estate."

This Court is committed to the general rule which prevails in a majority of the states. In *Massey* v. *Payne,* 109

W. Va. 529, 155 S. E. 658, point 1 of the syllabus is in these words: "A trust estate is ordinarily not liable for torts committed by the trustee, when he is entirely free from the control of the beneficiary. And such a trustee is personally liable to third persons for his torts in failing to keep the trust property in repair, irrespective of his right to reimbursement." In that case the plaintiff's decedent, while rightfully on land in which the trustees under a will owned an undivided interest, was electrocuted by coming in contact with a metal fence charged with electricity from a wire carrying a high current which, because of a break in a rotten supporting cross arm on a pole, fell upon the fence. At the time the premises were in charge of an agent of the trustees. In the opinion this Court used this language: " 'By the weight of authority a trust estate cannot be held liable for torts committed by the trustee. Ordinarily he can be held liable only in his individual capacity, and he is personally liable to third persons for his torts either of misfeasance or of nonfeasance in failing to keep that trust property in repair, irrespective of his right to reimbursement.' Perry on Trusts and Trustees (7th ed.) sec. 437a. In an article appearing in Vol. 22, Col. L. R. 527, 541, Harlan F. Stone, while a professor of the Columbia University Law College, stated that the above 'is an accepted doctrine wherever the question has arisen.' An examination of the authorities confirms his statement. See *Shepard* v. *Creamer, Tr.,* 160 Mass. 496; *Bannigan* v. *Woodbury,* 158 Mich. 206, 133 Am. St. Rep. 371, (annotation p. 373); Annotations 7 A. L. R. 408 and 44 A. L. R. 640, respectively; Sears Tr. Est., sec. 40; 24 C. J., p. 741, sec. 1826; 26 R. C. L., p. 1319." See also *Kirchner* v. *Muller,* 280 N. Y. 23, 19 N. E. 2d 665, 127 A. L. R. 681; *Keating* v. *Stevenson,* 21 App. Div. 604, 47 N. Y. Supp. 847; *Owens* v. *Lackey,* 234 Ala. 144, 174 So. 231; *Smith* v. *Rizzuto,* 133 Neb. 655, 276 N. W. 406; *Boyle* v. *Nolan,* 123 N. J. L. 365, 8 A. 2d 358; *Clauson* v. *Stull,* 331 Pa. 101, 200 A. 593; *Wood* v. *Comins,* 303 Mass. 367, 21 N. E. 2d 977, 123 A. L. R. 454; *Gardiner* v. *Rogers,* 267 Mass. 274, 166 N. E. 763; *Schmidt* v. *Kellner,* 307 Ill. 331, 138 N. E. 604; *Fisher* v. *McNeely,* 110 Wash. 283, 188 P. 478, 14

A. L. R. 369; American Law Institute Restatement, Trusts, Vol. 2, paragraph 264.

The opinion in the *Massey* case, with reference to *Wright* v. *Caney River Railway Company*, 151 N. C. 529, 66 S. E. 588, 19 Ann. Cas. 384, contains these statements: "In that case, the trustees were acting with the sanction of the beneficiaries and to a large extent under their supervision and control. That situation did not exist in this case, and no reason whatsoever appears to take this case out of the general rule." There is no allegation in the amended declaration in the case at bar that the trustees at any time or in any way were under the supervision or the control of the members of the local union and in that respect their control of the premises appears to be similar to that exercised by the trustees in the *Massey* case.

The plaintiff bases his right to bring this action against the trustees on Section 7 of Article 1 and Section 7 of Article 2, Chapter 35, Code, 1931, and contends that the provisions of those sections impose upon the trustees of a labor union, in their representative capacity, liability for a tort committed on property owned by them and authorized the prosecution of this action against them.

Section 7 of Article 1, which in certain particulars amended a prior statute, Sections 2, 4 and 7 of Chapter 57, Code, 1923, provides: "The trustee or trustees of any church, religious sect, society or denomination, or of any individual church, parish, congregation or branch, within this State, shall have power to receive donations, gifts and bequests of personal property, and, subject to the limitations of section eight of this article, to take by devise, conveyance or dedication or to purchase and to hold, real property, in trust for such church, religious sect, society or denomination, or for any individual church, parish, congregation or branch; and in their own name or names to sue or be sued in all proper actions and suits, for or on account of the real or personal property so held or claimed, and for and on account of any matters relating

thereto; and no such action or suit shall abate because of the death, removal or resignation of any trustee, or the appointment of another trustee, but may be proceeded with in the name of the trustee or trustees by or against whom it was instituted, or in the name of the succeeding trustee or trustees. The trustee or trustees shall be accountable to that church, religious sect, society, or denomination, or to that individual church, parish, congregation or branch, for which he or they hold in trust, for the use and management of such property, and shall surrender it to any person or persons authorized to demand it."

Section 7 of Article 2, relating to property of labor unions, which amended Section 12, Chapter 33, Acts of the Legislature, 1923, Regular Session, contains these provisions: "Sections seven, nine, ten, eleven and twelve of article one of this chapter, relating to the property of religious organizations and the powers of the trustees and the rights of members of such organizations, shall apply to and govern labor unions, or similar associations, or brotherhoods of craftsmen or employees, or any local branches thereof, and the trustees and members thereof; and nothing in this chapter contained shall make any such labor union, association or brotherhood, or the trustees thereof, a corporation."

One of the changes to Section 7 of Chapter 57, Code, 1923, effected by Section 7 of Article 1, Chapter 35, Code, 1931, was the elimination of the prior provision that "The trustees of any church, a religious sect, society, congregation or denomination, holding for the use thereof such property [real and personal] as is mentioned in the first and second sections of this chapter, may in their own name sue for and recover any land or other property so held by them, as well as for damages done by any person to any such property, and may be sued in relation thereto.", and the substitution for it of the present provision that such trustees shall have the power "in their own name or names to sue or be sued in all proper actions and

suits, for or on account of the real or personal property so held or claimed, and for and on account of any matters relating thereto;".

It is the position of the plaintiff that the foregoing provision of the present statute, which by Section 7 of Article 2, applies to trustees of a labor union and which has been substituted for the quoted provision of Section 7, Chapter 57, Code, 1923, operates to impose liability upon the trustees of a labor union, in their representative capacity, for a tort committed on property owned and managed by them. This position is not tenable. Nothing in the prior provision indicates the imposition of any such liability and no decision of this Court, in which it or any similar statutory provision was considered or applied, recognizes or implies that any such provision had that effect. The substituted provision of the present statute, in empowering such trustees to sue and subjecting them to suit contains the express statement that they shall sue and be sued "in all proper actions and suits". In enacting the present statute the Legislature was presumed to know the law as it then existed with respect to the subject matter of the enactment. When the present provision was enacted and incorporated in the Code of 1931, the law, as enunicated and declared in the *Massey* case, decided in October, 1930, recognized and imposed no liability upon an estate for the tort of its trustee when, as in the present case, such trustee is entirely free from the control of the beneficiary. Though the decision in that case involved the question of the liability of an estate, created by a will, for the tort of its testamentary trustee, the principle enunciated applies as well to an estate which is owned and administered by a statutory trustee, in the absence of a statute which expressly or by necessary implication excepts such estate from the operation of the principle.

One of the primary purposes of the Legislature, in enacting legislation, past or present, relating to the property of a church, religious sect, society, or denomination, and its ownership and operation by a trustee or trustees,

which now applies to a labor union, was to enable such trustee or trustees to acquire, sell, preserve and administer the property with proper regard for the interest of the beneficiary and to render such trustee or trustees accountable to the beneficiary in the administration of the trust. In *Potts* v. *Longest and Tessier Company,* 86 W. Va. 157, 103 S. E. 279, this Court discussed the purpose of the statute relating to a church, religious sect, society, congregation or denomination as it existed before its amendment by Code, 1931, and referred to Sections 1, 2, and 7 of the earlier statute. In that case trustees of a church sued a construction company and its surety to recover damages for breach of a contract to construct a new church building. In the opinion this Court said: "The manifest purpose of that legislation was to vest title to all property which a religious society might hold in trustees, so that there would be a clear well defined method of vindicating the rights of the congregation to such property without resort to the vexatious proceeding of having all of the members of the congregation join in a suit, or the questionable proceeding of having the suit brought by a committee on behalf of themselves and all other members of the association." Whatever may be the underlying legislative intent and purpose in such matters, it is clear that, in the absence of any statutory provision which, expressly or by necessary implication, imposes liability upon a trustee in his representative capacity for damages for an injury caused by a tort committed by him, no such liability exists, and that the present statute relating to the powers and the duties of such trustee contains no such provision.

The provisions of Section 7 of Article 1 and Section 7 of Article 2, Chapter 35, Code, 1931, do not impose liability upon a trustee of a labor union, or subject him to suit, in his capacity as such trustee, for damages for an injury caused by a tort committed by such trustee on property owned and operated by him for such labor union when he is free from the control of the beneficiary; but, independently of those sections of the statute, such trustee is

personally liable for his tort in failing to keep such property in repair, regardless of his right to reimbursement.

The first question certified is answered by the statement that, under the allegations of the amended declaration, this action is an action against the trustees in their official capacity and not against them personally; and the second question certified is answered in the negative.

The rulings of the court of common pleas and the circuit court in overruling the demurrer to the amended declaration and in sustaining the demurrer to the special plea are reversed.

*Rulings reversed.*