Eliza Scott et als. *v.* R. S. Key.

Where the administrator received letters of administration, inventoried the property, and entered upon his administration in good faith, believing the property to belong to the succession of the deceased, he should be sued by a party setting up title to the property, as administrator, and not personally.

APPEAL from the District Court of the Parish of Carroll, *Perkins,* J. *Short & Parham,* and *F. M. Goodrich,* for plaintiffs. *Louis Selby,* for defendant and appellant.

Slidell, C. J. The plaintiffs allege they are heirs of *Samuel Estill* and, as such, claim from the defendant the delivery of certain slaves left by the deceased in the parish of Carroll, at his death, compensation for the reasonable value of their services while in the possession of defendant until their delivery, and the value of certain movables of said deceased, which it is alledged the defendant has sold. The petition suggests that the defendant pretends to hold as administrator of *William Estill,* deceased, but says the latter was incapable of inheriting from his natural father *Samuel,* and treats the defendant as a mere wrong doer, liable in his personal capacity.

The defendant pleaded as an exception to the action, that he could not be sued personally, but only as administrator, in which capacity alone he had received possession of the property.

This exception was, we think, improperly overruled by the District Judge; but for its better understanding, a statement of the facts is necessary.

*Samuel Estill* was formerly a citizen of Arkansas, and was living there in 1835 with *William,* his natural child, when a statute was passed by the State of Arkansas in these words: "Be it enacted, &c., That *William,* the infant son of *Samuel Estill,* be, and he is hereby made the legal heir and representative of the said *Samuel Estill,* in as full and ample manner as though he had been such from his birth; and he shall be capable of inheriting the estate of the said *Samuel Estill,* in as full and ample a manner as though the said *Samuel Estill* had been married to his mother at the time of his birth, and the said *William* shall hereafter be called and known by the name of *William Estill.* This act shall be in force from and after its passage."

Some years after this, *Samuel* came to Louisiana, acquired a domicil in the parish of Carroll, and there died in 1849, leaving in said parish an estate consisting of lands, slaves, cattle, furniture, &c., which were inventoried in that parish, and are the subject of the present controversy. In the same year, letters of administration were granted to *William Estill,* who, in that capacity, took possession and administered the estate. He filed soon after an account of his administration, suggesting in his petition that he was the sole heir of the deceased, and praying that his account be approved and his official bond discharged. A judgment approving his account, and discharging him as administrator, was rendered and signed by the clerk of the court. However informal this may have been, it is manifest from the evidence that *William* subsequently believed himself to be and acted as owner, and remained in possession of the whole estate until his death, in the same parish, in 1850; when *R. S. Key* was appointed his administrator, and the property thus found in possession of *Wil-*

*liam* at the time of his decease was inventoried, as the property of *William's* succession. The evidence authorizes the conviction, that *Key* received his letters of administration, inventoried the property, and entered upon his administration, in good faith, believing the property to belong to the succession of *William Estill*. It is proper to add, that in this capacity, he has paid debts of *William's* succession, and incurred liabilities as administrator.

Under these circumstances the action of revendication and for account, should, in our opinion, have been brought against *Key* in his capacity of administrator, and against the heirs of *William Estill*, if any there be (C. P. 123); and the plaintiffs have no right to treat *Key* as a mere trespasser, even supposing that *William Estill* was not the lawful heir of *Samuel*, upon which point we express no opinion.

It is therefore decreed, that the judgment of the District Court be reversed, and that there be judgment as in case of nonsuit; plaintiff paying costs in both courts.