ROE, casual ejector, and G. W. HAY, administrator, *de bonis non*, of J. J. ALLEN, *vs.* DOE, *ex dem.* of JULIAN AYRES, *et al.*

The sale, by an administrator, of land for which a suit is pending against him, is no reason why an administrator *de bonis non*, should not be made a party to the suit, after the death of the first administrator.

Ejectment and Motion to make parties, in Randolph Superior Court. Tried before Judge PERKINS, at May, Term, 1860.

A suit was brought by defendants in error, against Jeremiah H. Allen, as administrator on the estate of J. J. Allen,

Roe *et al.*, *vs.* Doe *et al.*

deceased, for the recovery of a certain lot of land. Pending this suit, the administrator, Allen, died. His death having been suggested of record, and *scire facias* having issued and been served on George W. Hay, as administrator *de bonis non* of J. J. Allen, deceased, to show cause why he should not be made a party defendant as such administrator *de bonis non.* The said Hayes came before the Court, at said May Term, and objected to being made a party defendant, on the following grounds, viz:

Because the lot of land, the subject of dispute, is not the property of him, the said Hay, as administrator, *de bonis non*, of the estate of said J. J. Allen, deceased, but that said land had been sold and regularly disposed of, and fully administered upon by the former administrator of J. J. Allen, deceased.

The Court overruled the objection, ordered said Hay, administrator, *de bonis non*, to be made a party defendant, and counsel for defendant excepted.

BEALL, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra.*

*By the Court*—STEPHENS, J., delivering the opinion.

This action was founded on a seizure of possession committed and mesne profits appropriated by the intestate in his lifetime, with a continuation of the same wrongs by the administrator after the death of the intestate. If the action was properly brought against the administrator, it was right to preserve it against the administrator, *de bonis non.* The ground of objection to the making of this party, is rather a reason for it than against it, for it shows that the *estate* had got the benefit of a full administration of the land, and the *estate*, therefore, through its proper representative, ought to respond to the true owner. As to the purchaser who bought the land *pendente lite*, he, of course, took it subject to the result of the litigation.

Judgment affirmed.