FRANK TRANI, Respondent, *v.* SUMNER GERARD, Appellant.

Second Department, January 25, 1918.

**Trusts — individual liability of trustee in control of tenement house for negligence in making repairs.**

A person who, as trustee of a tenement house, causes the stairways to be improperly and negligently repaired and then lets that condition grow into a further defect whereby a tenant is injured, is not shielded from personal liability by reason of his trusteeship. Although his opportunity to do such things came from his trusteeship, his negligent doing was an individual misfeasance, giving a cause of action against him personally.

APPEAL by the defendant, Sumner Gerard, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of February, 1917, overruling his demurrer to the complaint.

*Carl S. Flanders*, for the appellant.

*William Adams Robinson*, for the respondent.

THOMAS, J.:

The complaint shows that Gerard, named as defendant, is in control of a tenement house by virtue of a trust authorizing it; that plaintiff became tenant therein, and that defendant was so negligent in doing things and omitting things relating to the maintenance of common stairs that plaintiff, using the stairs, was hurt. The action is against the individual, and the only question is whether it states a cause of action. The plaintiff asserts that a piece of metal on the stairs caused him to fall, and that defendant carelessly placed it there in an improper manner, and allowed it to become loosened and defective. There is an assertion of something affirmatively done by defendant followed by his neglect of it. His opportunity to do such things came from his trusteeship, but his negligent doing was individual misfeasance, occurring while he was purporting to do what his trust required. That gives a cause of action against him personally, and requires the

overruling of the demurrer.   Whether he was liable for non-feasance need not be taken from the consideration of the trial justice.   It is enough now to decide that a person who as trustee of a building causes the stairways to be improperly and negligently repaired, and then lets that condition grow into further defect, whereby a tenant is injured, is not shielded from personal liability by reason of his trusteeship.   The error in the statement of the costs is a matter for correction by motion.

The interlocutory judgment should be affirmed, with costs.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Interlocutory judgment affirmed, with costs.