MARGARET DOYLE et al., Plaintiffs, *v.* UNION RAILWAY COMPANY OF NEW YORK et al., Defendants; CITY OF NEW YORK, Appellant, and HYMAN ZASLOW, Respondent.

Argued December 1, 1937; decided January 11, 1938.

*Paul Windels,* Corporation Counsel (*Leonard M. Wall-stein, Jr.,* and *Paxton Blair* of counsel), for appellant. A condition upon which the permit was granted to respondent was that the pavement over the excavation would be replaced. Since that condition was breached respondent is liable to the city for the damages paid out by it because of the breach. (*Irvine* v. *Wood,* 51 N. Y. 224; *Schumacher* v. *City of New York,* 166 N. Y. 103; *Mayor* v. *Troy & L. R. R. Co.,* 3 Lans. 270; 49 N. Y. 657; *Brooklyn Central R. R. Co.* v. *Brooklyn City R. R. Co.,* 32 Barb. 358; *City of Rochester* v. *Rochester Ry. Co.,* 98 App. Div. 521; *Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162; *Ell Dee Clothing Co.* v. *Marsh,* 247 N. Y. 392; *Argersinger* v. *Macnaughton,* 114 N. Y. 535; *City of Brooklyn* v. *Brooklyn City R. R. Co.,* 47 N. Y. 475; *Giglio* v. *New York Tel. Co.,* 238 App. Div. 503.) By applying for and receiving the permit respondent placed himself under the liability imposed by section 4 of article 1 of chapter 23 of the New York Code of Ordinances. (*Shuba* v. *Greendonner,* 271 N. Y. 189; *Draper* v. *Oswego County Fire Relief Assn.,* 190 N. Y. 12; *Continental Nat. Bank* v. *National Bank,* 50 N. Y. 575.)

*Robert H. Charlton* for respondent. There was no justification in law for the judgment entered against respondent by direction of the trial judge upon the motion of the appellant under its cross-complaint against respondent. (*West* v. *City of New York,* 155 Misc. Rep. 688; *City of New York* v. *Corn,* 133 App. Div. 1.)

Lehman, J. The plaintiff, Margaret Doyle, was injured on March 6, 1932, by falling into a hole or depression in the roadway of Morris avenue in the city of New York. She and her husband, James Doyle, brought

action against the city for the consequent damages. On February 17, 1932, the city of New York had opened the street to repair a leak at the place where Mrs. Doyle fell. After the city had made the opening in the street, it discovered that the leak was not in a main owned by it but in a service pipe leading to the premises of an abutting owner. It required the abutting owner to make the necessary repairs. The owner employed the defendants Marshack and Kosachiner, plumbers, who agreed to make the repairs and to replace the pavement. They filled in the hole but it is said that their work was negligently performed. They did not replace the pavement. The defendant city in its answer denied liability to the plaintiff and by cross-complaint it asked judgment over, for any damages it might be compelled to pay, against the plumbers to whose fault the accident was primarily due, and also against the defendant Zaslow who had no part in making the excavation or in filling up the hole but who obtained in his own name a permit to do the work.

The plaintiffs at the trial produced evidence sufficient, it is conceded, to show negligence on the part of the plumbers in performing the work which they undertook at the request of the abutting owner. The jury brought in a verdict awarding damages to each of the plaintiffs against the city and against the plumbers Marshack and Kosachiner. The trial judge, with the consent of all the parties, reduced the verdicts. Then he passed upon the cross-claims of the city of New York and awarded judgment in favor of the city against the plumbers Marshack and Kosachiner, and also against the defendant Zaslow. None of the defendants appealed from the judgment in favor of the plaintiffs. It was not challenged in the Appellate Division and is not challenged here. The defendant Zaslow appealed to the Appellate Division from the judgment against him in favor of the city. Upon that appeal the Appellate Division reversed that

judgment on the ground that since Zaslow had no part either in excavating the street or in filling up the excavation after it was made, he cannot be held responsible for damages caused by the fall of the plaintiff, Margaret Doyle, into the hole.

The only question presented to this court for review is whether the city of New York has made out a cause of action against Zaslow for indemnity against the liability which the plaintiffs have successfully asserted against it. To make out such a cause of action it must show that the damages were the result of a failure by Zaslow to perform some duty which he owed to the city. Upon that point the relevant facts are established either by stipulation of the parties and official documents, or by testimony which is not challenged.

After the city had discovered that the leak was in a service pipe leading to the premises of an abutting owner and had called upon the owner to make the repairs, it turned over the opening in the street to the defendants Marshack and Kosachiner, the plumbers selected by the owner. Marshack obtained from the Department of Water Supply, Gas and Electricity a temporary permit under which he agreed " to take over and be responsible for the guarding and maintenance of the opening made by the Department of Water Supply, Gas and Electricity from the time of signing this agreement, and within 24 hours from the date hereof, apply to the President of the Borough for a permit to open the street and arrange for the replacing of the pavement." The plumbers made the necessary repairs and then refilled the excavation made by them in the sidewalk, and also refilled the excavation which the city had made in the roadway, the same day, February 18, 1932.

In accordance with the agreement upon which the temporary permit had been issued, they were still required to apply for a permit " to open the street and *arrange for the replacing of the pavement*." Instead of applying for such a permit, Marshack requested the defendant Zaslow

to take out the permit in his own name. Marshack testified that the reason was " because * * * I wasn't feeling good, and the time was getting short." His partner, Kosachiner, was not a licensed plumber, and Marshack could obtain a permit, it appears, only by personal application and personal agreement to perform the work. The city suggests that the real reason why Marshack requested Zaslow to apply for the permit is that Zaslow was a bonded plumber, while Marshack though a licensed plumber was not bonded, and a permit might have been refused to Marshack unless he furnished a bond. Whatever may have been the reason, Zaslow, and not Marshack, obtained the permit, though Marshack paid the fee, and the permit was handed over to him by Zaslow.

An ordinance of the city of New York provides: " In all cases where any person shall perform any of the work mentioned in the preceding section, either under contract with the city or by virtue of permission obtained from any department, board or officer of the city, such person shall be answerable for any damage which may be occasioned to persons, animals, or property by reason of carelessness in any manner connected with the work." (New York Code of Ordinances, ch. 23, art. 1, § 4.)

The work " mentioned in the preceding section " includes opening a street. The permit issued to Zaslow grants to Zaslow permission to open the street or sidewalk. It is expressly made " subject to the strict observance of all laws, ordinances, and regulations enacted for the protection of the city so far as they may apply, and particularly to those set forth on the reverse side of this instrument." On the reverse side it appears that " this permit is granted on the following conditions: * * * That the pavement over the excavation be replaced immediately after the connection or repairs have been made, * * * " and there follow extracts from ordinances of the city relating to the manner in which excavations must be made, and thereafter must be filled in and the pavement relaid.

While it is true that the defendant Zaslow did not do the work which, if performed negligently, would cast liability upon him for consequent damages, it is also true that the permit was granted to him upon the express condition that he would perform the work. The city requires a permit for the purpose of assuring that the work will be done by a competent and responsible plumber. The purpose of a permit is defeated if a plumber receiving such a permit may hand over the permit to another person and then may wash his hands of responsibility for negligent performance of the work or failure to comply with the conditions upon which the permit was issued. The defendant Zaslow in this case having obtained a permit on condition that he would replace the pavement over an excavation, assumed the burden of complying with that condition. The city relied upon his carrying out that condition, and as a result the city has incurred liability. Since the city was cast in damages by justified reliance upon performance by Zaslow of a duty which he voluntarily assumed, the city is entitled to indemnity.

Judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., dissents.

Judgment accordingly.