GEORGE KIRCHNER, Respondent, *v.* MARIETTA MULLER, CHARLES H. MULLER, Individually and as Executor of and Trustee of the Estate of JULIUS C. MULLER, Deceased, and HELEN H. MULLER, Defendants, and MARIETTA MULLER, as Executrix of and Trustee of the Estate of JULIUS C. MULLER, Deceased, Appellant, and PARISH PRODUCE, INC., Respondent.

Second Department, June 6, 1938.

*L. W. Widdecombe,* for the appellant.

*William A. Smith,* for the plaintiff-respondent.

*William B. Shelton,* for the defendant-respondent.

DAVIS, J.   The plaintiff has judgment against the executors of the estate of Julius C. Muller for damages for personal injuries.

Julius C. Muller in his lifetime held title to certain premises on the corner of Bay street and Cross street in the borough of Richmond.   He occupied the building as a hardware store and later incorporated the business.   Admittedly without license or permit, Muller instituted a system of conducting the rain water from approximately 1,500 square feet of roof down through a pipe at the side of the building and thence through a conduit or drain across the sidewalk to the curb.

This conduit or drain was about four inches clear in depth and about eight to ten inches wide, extending from the building line to the curb, a distance of about eight and one-half feet.   The opening at the top was covered by a board about one to one and one-quarter inches thick and about the same width as the drain.   Across the board there were three iron straps or bars that rested on flanges on either side of the trench.   Bricks were also put underneath for support.   This cover was loose and not fastened in any way, for it was necessary occasionally to lift it to clean out the drain.   Naturally, at times when a considerable amount of water came from the roof, this cover would be insecure.

Muller died on December 31, 1926.   His will was duly probated, and his widow, Marietta, and his son Charles were appointed executors and trustees.   By this will the testator devised to his executors all the real property of which he was seized, to collect the income and profits thereof, "and after paying taxes, assessments,

water charges and expenses of maintenance and repairs thereof," to pay the board, care and maintenance of his daughter Hilda, with the balance payable to his wife. The executors were given discretionary power to sell, mortgage or lease any part of the real property in case the net income was not sufficient to pay for the proper maintenance of the daughter Hilda; and also to avoid threatened depreciation or to take advantage of a specially favorable opportunity to sell. The remainder after the termination of the life estates was devised to his son Charles and another daughter, Helen. There has never been an accounting in the estate, but the real property has been under the control and management of the executors and trustees.

On June 30, 1934, while the plaintiff was walking along the sidewalk and had turned the corner on Cross street where this drain was located, he tripped over this board, which had been suddenly raised in the air directly in front of him. The sudden rising of the loose board was caused by a truck's driving onto the end thereof, where, it is said, it projected over the curb. The plaintiff received serious injuries and obtained a verdict for his damages. We may say that the verdict is justified by the proof on the part of the plaintiff that the end of this loose board had slid over the curb.

The plaintiff brought this action against the executors and trustees, both in their representative capacity and individually, under the provisions of sections 140 and 141 of the Decedent Estate Law. He also joined as a party the other remainderman, Helen H. Muller. Charles, an executor and remainderman, was sojourning or residing in California and was not served. The plaintiff also joined the owner of the truck, Parish Produce, Inc.

The parties served answered separately. It may be noted that defendant Marietta Muller, as executrix and trustee as well as individually, set up in her answer certain allegations " As a basis for affirmative relief under section 264 of the Civil Practice Act against the defendant, Parish Produce, Inc." After alleging the interest of such executors and trustees under the will of the decedent, it was set forth in effect that the accident was caused solely by the negligent acts of defendant Parish Produce, Inc., and the executors and trustees asked judgment in the sum of $350 for the reasonable cost and expense of defending this action, and that " the ultimate rights of this defendant and the defendant, Parish Produce, Inc., as between themselves, be determined and that this defendant have judgment over, against the defendant, Parish Produce, Inc., for any sum which shall or may be recovered herein by the plaintiff against this defendant."

It may be said that the complaint set up causes of action both in nuisance and negligence; but the case seems to have been submitted to the jury on the issue of negligence. The evidence is sufficient to warrant recovery against any party deemed liable. The jury exonerated defendant Parish Produce, Inc.

The question presented here is whether the verdict and the judgment should have been rendered against the defendants in their representative capacity. It is not disputed that service on one of the executors is sufficient to bind the estate if the estate is liable.

There were formal motions to dismiss at the close of the plaintiff's evidence on the usual grounds involving questions of negligence, contributory negligence, and notice of the dangerous condition; and also " that the plaintiff has failed to plead or prove a cause of action against her [Marietta Muller] in either representative capacity." This motion was formally renewed at the close of the evidence, and a somewhat belated motion was made for the direction of a verdict for the defendants. These motions were denied.

When the court charged the jury, there was no distinction made between defendants Muller as individuals or as representatives of the estate, although the liability of Parish Produce, Inc., was discussed. These defendants were referred to simply as " the Mullers." When the counsel for these defendants made his requests he also on three occasions referred to them as " the defendants Muller," without relation to their individual or representative capacity. In respect to these requests the court charged: " If they find that it [the accident] was due solely to the negligence of Muller, it should be against Muller."

Likewise the attorney for these defendants requested the court to charge that " defendants Muller are entitled to recover of the defendant Parish Produce." Therefore, without any request to make distinction between the liability of the defendants individually and in their representative capacity the case went to the jury on the question of the liability of " the defendants Muller."

When the jury returned to bring in their verdict the following occurred: " The Foreman: We find the defendant Muller guilty of negligence. The Court: You find the defendant Muller — The Foreman: Muller estate. The Court:— guilty of negligence. You find for the plaintiff — The Foreman: A verdict of $5,000. Court Clerk Lynch: You find a verdict for the plaintiff in the sum of $5,000, against the defendant Muller, is that right? The Foreman: Right. The Court: Muller estate. The Foreman: The Muller estate."

There was no objection to the verdict at this time from the counsel for these defendants. He simply asked to have the jury polled,

which was done in this form: " Court Clerk Lynch: Gentlemen of the jury, you say you find a verdict for the plaintiff in the sum of $5,000 against the Muller estate, and so say you all? "

This was followed by questions to the individual jurors.

Subsequently the counsel for the appellant moved to set aside the verdict under the provision of section 549 of the Civil Practice Act, and also moved for a direction of a verdict in favor of defendants Muller against Parish Produce, Inc. Nothing was said as to the form of the verdict or as to non-liability of the executors and trustees as such. Aside from the motions referred to, the question of non-liability in a representative capacity is raised here for the first time.

The judgment was entered in this form: " Adjudged that the plaintiff, George Kirchner, * * * do recover of the Estate of Julius C. Muller, deceased, Marietta Muller and Charles H. Muller, Executors and Trustees of said estate, * * * the sum of $5,000.00."

It is familiar law that in a suit on a contract the representative of the estate may be sued where the contract or obligation was one incurred by the decedent in his lifetime; but if it is a contract or obligation incurred by the representative subsequent to his qualification, then the suit must be against him individually, with certain exceptions. (*O'Brien* v. *Jackson,* 167 N. Y. 31.)

As to torts of the representative, the rule is not so clear. In England and in several jurisdictions in this country it has been held that where the representative of the estate is given control and management of the property and he acts in good faith, an action in tort may be maintained directly against the estate. This avoids circuity of action whereby the executors, held individually liable for a considerable sum, must then apply to be reimbursed by the estate. Such a course makes for delay and involves risk to the property of the executors. (See *Raybould* v. *Turner,* L. R. [1900] 1 Ch. 199; *Ewing* v. *Foley, Inc.,* 115 Tex. 222; 280 S. W. 499; 44 A. L. R. 627; *Grimes* v. *Barndollar,* 58 Colo. 421; 148 P. 256; *Ford* v. *Caldwell,* [1837], 3 Hill, 242 [S. C.]; *Hay* v. *Ayres,* 30 Ga. 775; *Scott* v. *Key,* 9 La. Ann. 213; *Boyle* v. *Knauss, Adm'r,* 81 N. J. L. 330; 79 A. 1025; *Ross* v. *Moses,* 175 S. C. 355; 179 S. E. 757; *Birdsong* v. *Jones,* 222 Mo. App. 768; 8 S. W. [2d] 98.) (See, also, 26 R. C. L. pp. 1319, 1320; and illuminating note in 44 A. L. R. p. 637 *et seq.*)

In this State there are somewhat ancient cases indicating the contrary rule that the action must be brought against the executors and trustees individually and not in their representative capacity. (*Matter of Van Slooten* v. *Dodge,* 145 N. Y. 327; *Keating* v. *Steven-*

*son*, 21 App. Div. 604; *Moniot* v. *Jackson*, 40 Misc. 197; *Gillick* v. *Jackson*, Id. 627.) In *Trani* v. *Gerard* (181 App. Div. 387) the defendant was sued individually and was seeking to escape personal liability.

Here we have in mind the fact that the negligent condition in respect to the drain was created by Julius C. Muller in his lifetime, and that in his will he gave legal title to his executors and trustees, charging them with the duty of providing for maintenance and repairs of the property from the income of the estate. Whatever negligent condition of the property there was, existed prior to the time that the representatives obtained title and possession.

While in this case the defendants, in their representative capacity and not as individuals, were managing and controlling the estate under the directions given in the will, we think it is unnecessary to determine whether or not they might have been sued in such capacity alone. They were all before the court, and the executors were seeking affirmative relief. By the course the trial took it is evident that, with practically all interested parties represented, there was a waiver or election to proceed to judgment on the theory of representative liability and with a demand for affirmative relief in behalf of the estate. This choice having been made and the individuals exonerated from liability without question as to the form of the verdict, and with subsequent motions made without the question having been raised, we think it is too late now to raise the question that there was no liability on the part of the executors and trustees. The defendant executrix and as an individual and the remaindermen were represented by the same counsel. If the question of liability had been raised when the jury rendered their verdict they might have been sent back to correct it under proper instructions. But the individuals accepted the verdict exonerating them and holding the estate liable without comment or objection. Having so acted, we think the executrix is estopped from raising the question here.

The defendant purports to appeal from that part of the judgment which dismisses the complaint as to defendant Parish Produce, Inc. That appeal should be dismissed, without costs. (*Price* v. *Ryan*, 255 N. Y. 16, and *Ward* v. *Iroquois Gas Corp.*, 258 id. 124.) The appeal from an order denying motion of defendant Marietta Muller as executrix and trustee to set aside the verdict should be dismissed, there being no such order in the record.

The judgment, in so far as it affects said estate and Marietta Muller, as executrix and trustee, should be affirmed, with costs to plaintiff.

LAZANSKY, P. J., and JOHNSTON, J., concur; TAYLOR, J., concurs except as to the affirmance of the judgment in so far as it affects said estate and Marietta Muller, as executrix and trustee, as to which he dissents and writes for reversal on the law, with costs to appellant Marietta Muller, as executrix and trustee, and a dismissal of the complaint, with costs to said appellant, as executrix and trustee. HAGARTY, J., concurs with TAYLOR, J.

TAYLOR, J. (dissenting in part). I concur with the majority (1) as to the dismissal of the purported appeal from that part of the judgment which dismisses the complaint as to the defendant Parish Produce, Inc., and (2) as to the dismissal of the appeal from the order not in the record. I dissent, however, from the conclusion that the appellant, Marietta Muller, is liable to the plaintiff in the former's representative capacity as executrix and trustee. I vote for the disposition of the appeal as indicated *infra*. I agree that the judgment appealed from is not vulnerable to attack on grounds related to alleged negligence, contributory negligence, or damage. In so far, however, as it directs recovery by plaintiff against the defendants Marietta Muller (appellant) and Charles H. Muller, as executors and trustees of the estate of Julius C. Muller, deceased, it is contrary to the law of this State. Such representatives are liable only as individuals for their tortious conduct in the discharge of their trust, resulting in damage to the person or property of another. (*Matter of Van Slooten* v. *Dodge*, 145 N. Y. 327; *Keating* v. *Stevenson*, 21 App. Div. 604; *Trani* v. *Gerard*, 181 id. 387; *Matter of Lathers*, 137 Misc. 226; *Moniot* v. *Jackson*, 40 id. 197; *Gillick* v. *Jackson*, Id. 627; *Donohue* v. *Kendall*, 50 N. Y. Super. Ct. [18 J. & S.] 386; affd., 98 N. Y. 635; *vide* Restatement of the Law of Torts, § 376.) The unquestioned law is to that effect. (Cases *supra*.) It is true, however, that in a proper case a representative who is individually held liable and cast in damages may be reimbursed from the estate funds for the amount paid by him to discharge such declared individual liability. (*Matter of Lathers*, *supra*, and cases cited.)

If there is to be a fundamental change in the law, which the prevailing opinion indicates, so as to countenance direct liability of an estate for the tort of its representative, that change, in my opinion, should be made only by our highest court. A paucity of recent high authority on this subject reflects the general acceptance of the law (cases *supra*) of individual liability only. In this case the verdict in form as ultimately rendered by the jury was in favor of the plaintiff and against the " Muller Estate " only. Upon it judgment was entered against " Marietta Muller and Charles H. Muller, Executors and Trustees of said estate, with Charles H.

Muller not having been served." Marietta Muller, individually and as executrix and trustee, was served with summons. Charles H. Muller in the same capacities was not served. Clearly, implicit in the verdict as rendered are findings (1) that the defendant was negligent, and (2) that plaintiff was free from contributory negligence. Manifestly the only defendant liable and against whom judgment should have been entered on the verdict was Marietta Muller individually, for as representative she was not liable. As indicated, she is the sole appellant, and Charles H. Muller was never served. I am of opinion that the circumstance that the verdict, with its implications as stated, was in form against the estate, is wholly immaterial legally; for in legal effect it declares the liability of Marietta Muller individually only. The appellant upon the trial did not waive the point that she was not liable in her representative capacity. On the other hand, by adequate motions at the close of plaintiff's proofs and of the entire proofs, she duly, consistently and sufficiently raised it. Therefore, there was no waiver even if we assume that an attorney for a representative on the trial has authority to waive in a manner that will place direct liability upon the estate when none exists at law.

The judgment, in so far as it affects said estate and Marietta Muller, as executrix and trustee, should be reversed on the law, with costs to appellant Marietta Muller, as executrix and trustee, and the complaint dismissed, with costs to said appellant, as executrix and trustee.

HAGARTY, J., concurs.

Judgment, in so far as it affects the estate of Julius C. Muller, deceased, and Marietta Muller, as executrix and trustee, affirmed, with costs to plaintiff.

Appeal from that part of the judgment which dismisses the complaint as to defendant Parish Produce, Inc., dismissed, without costs.

Appeal from order denying motion of defendant Marietta Muller, as executrix and trustee, to set aside the verdict dismissed.