GEORGE KIRCHNER, Respondent, *v.* MARIETTA MULLER et al., Defendants, and MARIETTA MULLER, as Executrix and Trustee under the Will of JULIUS C. MULLER, Deceased, Appellant.

Argued December 7, 1938; decided February 28, 1939.

24

*L. W. Widdecombe* and *A. B. Widdecombe* for appellant. Assuming that title, control and management were in the executors or trustees, as such, they are liable individually and not in their representative capacities. (*Matter of Van Slooten* v. *Dodge*, 145 N. Y. 327; *Gratwick* v. *Smith*, 202 App. Div. 600; *Decillis* v. *Mascelli*, 152 App. Div. 304; *Hildreth* v. *Raffin*, 141 App. Div. 77; *Blum* v. *Dabritz*, 39 Misc. Rep. 800; *McCue* v. *Finck*, 20 Misc. Rep. 506; *Norling* v. *Allee*, 13 N. Y. Supp. 791; 131 N. Y. 622; *Trani* v. *Gerard*, 181 App. Div. 387; *Keating* v. *Stevenson*, 21 App. Div. 604; *Matter of Lathers*, 137 Misc. Rep. 226; *Moniot* v. *Jackson*, 40 Misc. Rep. 197; *Gillick* v. *Jackson*, 40 Misc. Rep. 627.) The judgment may not be sustained upon the theory of avoidance of circuity of action. (*Kellogg* v. *Church Charity Foundation*, 128 App. Div. 214; *Matter of Lathers*, 137 Misc. Rep. 226; *Norling* v. *Allee*, 13 N. Y. Supp. 791; 131 N. Y. 622.)

*William A. Smith* for respondent. The executors in both their representative and individual capacities were chargeable with negligence predicated upon the existence of an absolute nuisance in a public sidewalk. (*Deshong* v. *City of New York*, 176 N. Y. 475; *Clifford* v. *Dam*, 81 N. Y. 52; *Canandaigua* v. *Foster*, 156 N. Y. 354; *Schubert* v. *Cowles*, 31 App. Div. 418; *Herman* v. *Josephsohn*, 188 App. Div. 163; *Becker* v. *Liscio*, 223 App. Div. 698; *Jawitz* v. *Hellinger*, 86 Misc. Rep. 34; *Adams* v. *Misena Realty Co.*, 239 App. Div. 633; *Kilmer* v. *White*, 254 N. Y. 64; *Timlin* v. *Standard Oil Co.*, 126 N. Y. 514; *Uggla* v. *Brokaw*, 117 App. Div. 586.) The verdict against the estate or the executors in their representative capacity, as distinguished from their individual capacity, was proper under the unusual circum-

stances of the pleadings, and the demand made by appellant, as executrix, in her cross-complaint that the ultimate rights of the estate be determined. (*Matters of Lathers*, 137 Misc. Rep. 226.)

FINCH, J. This is a personal injury action. Plaintiff was injured while walking in front of premises " owned and controlled by the defendants Muller." Thirty-eight years before the accident the then owner, without license or permit, instituted a system of draining the rain water from the roof of the building, by conducting it through a pipe at the side of the building and thence through a conduit or drain across the sidewalk to the curb. This conduit was merely a cut in the sidewalk which had as a cover a plank which was loosely laid on top, resting upon flanges which kept it level with the sidewalk. Bricks were placed near the curb so as further to support the plank. There was an opening between the sidewalk and the edge of the plank, of about one-eighth to one-quarter of an inch, in order to permit its removal for cleaning and inspection of the drain underneath. Concededly this plank was never fastened to the building itself or to the sidewalk. There was evidence that at the time of the accident the plank projected beyond the curb into the street for a distance of approximately six inches. While plaintiff was walking in front of the premises a truck, owned by defendant Parish Produce, Inc., attempted to park along the curb. A wheel of the truck came to rest upon the projecting portion of the plank, causing it to rise at an angle of forty-five degrees and strike plaintiff.

At the time of the accident, Julius C. Muller, the owner of the premises, who had constructed the drain, was dead, having died in 1926. In his will he had devised the premises to his executors in trust, to collect the income and profits and, after paying taxes and expenses of maintenance and repair, to use the net for the board, care and maintenance of an incompetent daughter as long as she should live, and to pay any balance to his wife, the defendant Marietta

Muller, for life. Marietta Muller was an executrix under the will, the other executor being a son, Charles H. Muller. Marietta Muller was served, but Charles H. Muller, who was in California at the time, was not served. Service was also made on Helen Muller, a daughter, who had a remainder interest in the premises, and upon the Parish Produce, Inc. The complaint named Marietta Muller as a defendant individually and as executrix and trustee of the estate of Julius C. Muller. Marietta Muller served an answer individually, in which, in addition to general denials, she asked for affirmative relief under section 264 of the Civil Practice Act against defendant Parish Produce, Inc., praying that the ultimate rights between these parties be determined, and that she have judgment over against Parish Produce, Inc., for any sum which might be recovered by plaintiff against her. As executrix and trustee she put in a similar answer and asked for a like judgment over against Parish Produce, Inc. The same attorney represented Marietta Muller individually and as executrix and trustee.

From the record of what occurred at the trial, it would appear that the sole issue in the mind of the jury was liability for the injuries which the plaintiff suffered, as between the Mullers on the one hand, and the defendant Parish Produce, Inc., on the other. Except for a motion to dismiss at the end of plaintiff's case, as against the defendant Marietta Muller as executrix and trustee, no distinction appears to have been made between the liability of Marietta Muller individually and the Muller Estate as represented by Marietta Muller as executrix and trustee. At the close of the entire case, the attorney for the Mullers, in renewing the motions to dismiss which were made at the close of plaintiff's case, urged that the building was in control of a lessee, namely, the Muller Hardware Company, and said: " On those facts I say that the plaintiff has no cause of action against the defendants Muller, it not appearing that the defendants Muller were in the control of the building; the lessee was in entire control of it." Again, just

before the summation, the same attorney said: " Before I begin my summation * * * I should have asked for the direction of a verdict in favor of the defendants I represent." The court charged the jury: " If they find this accident was due solely to the negligence of this truck driver, their verdict should be against this defendant Parish Produce. If they find that it was due solely to the negligence of Muller it should be against Muller. If they find it should be against the two, and it was due to the negligence of both defendants, they may bring in a verdict against both defendants." The jury rendered the following verdict: " The Foreman: We find the defendant Muller guilty of negligence. The Court: You find the defendant Muller — The Foreman: Muller estate. The Court:— guilty of negligence. You find for the plaintiff — The Foreman: A verdict of $5,000. Court Clerk Lynch: You find a verdict for the plaintiff in the sum of $5,000, against the defendant Muller; is that right? The Foreman: Right. The Court: Muller estate. The Foreman: The Muller estate. The Court: Is that a unanimous verdict? The Foreman: There are ten to two. The Court: Ten to two — The Foreman: Everyone agrees on the amount, and ten agree on the negligence."

The jury found that defendant Parish Produce, Inc., had not been negligent, and the motion for judgment over against that company was denied. In moving to set aside the verdict, the attorney for the Mullers said: " * * * and I also move for the direction of a verdict in favor of the defendants Muller whom I represent against the Parish Produce Company * * *." The court took under advisement the motion for the direction of a verdict against Parish Produce, Inc. In denying this motion the court treated the issue as between the defendants Muller and the defendant Parish Produce, Inc., saying: " Defendant Mullers' motion at the end of trial to set aside the verdict and for the direction of a verdict against Parish Produce Company, Incorporated, denied. * * * It is for the jury to say under the circumstances whether either or both of the defendants were negligent."

The general rule as contended for by appellant is that for their torts trustees or executors are liable in their individual, and not in their representative, capacity. (*Matter of Van Slooten* v. *Dodge*, 145 N. Y. 327; *Norling* v. *Allee*, 10 N. Y. Supp. 47; later appeal to same effect, 13 N. Y. Supp. 791; affd., 131 N. Y. 622; *Keating* v. *Stevenson*, 21 App. Div. 604; *Trani* v. *Gerard*, 181 App. Div. 387; *Moniot* v. *Jackson*, 40 Misc. Rep. 197; *Matter of Lathers*, 137 Misc. Rep. 226.) The same rule holds true in almost all of the States. (7 A. L. R. 408; 14 id. 371; 44 id. 627.) Judgments obtained against executors or trustees are collectible out of their private property, and not out of the trust or estate assets. Although the question appears to have arisen infrequently, the trustee or executor has been held entitled to reimbursement from the estate where he was free from willful misconduct in the tort which occurred during his administration of the estate. (American Law Institute, Restatement of the Law of Trusts, § 247; 3 Bogert on The Law of Trusts and Trustees, § 734; *Keating* v. *Stevenson*, 21 App. Div. 604; *Matter of Lathers*, 137 Misc. Rep. 226, 233. See *Kellogg* v. *Church Charity Foundation*, 128 App. Div. 214, 217.) A few States have gone so far as to hold that where a trustee or executor would be entitled to reimbursement, the injured third party may sue him in his representative capacity, on the ground that thereby circuity of action may be avoided. (*Ewing* v. *Feley*, 115 Tex. 222. Cf. *Ireland* v. *Bowman & Cockrell*, 130 Ky. 153; *Smith* v. *Coleman*, 100 Fla. 1707; *Miller* v. *Smythe*, 92 Ga. 154; *Wright* v. *Caney River Ry. Co.*, 151 N. C. 529.) No New York authorities are found supporting this procedure. Such a procedure would involve a trial in the same action of both the tort liability and whether the nature of the tort was such as to entitle the trustees or executors to reimbursement, out of the estate, which might entail an undesirable clash of interests between the trustee in his individual capacity and in his representative capacity. In *Matter of Raybould* ([1900] 1 Ch. 199) it was held that where a judgment was recovered by a third party against a trustee for a tort com-

mitted in the administration of the trust, the third party, where his judgment against the trustee proves uncollectible, may then proceed directly against the trust estate. Whether such procedure would be sanctioned in this State need not now be decided. (See Restatement of the Law of Trusts, §§ 267, 268.)

The respondent urges that the estate and Marietta Muller, as executrix and trustee, may be held liable on the theory that there was a waiver of the defense of non-liability in a representative capacity. This was the ground upon which a majority of the Appellate Division sustained the judgment. Assuming, without passing upon the question, that an attorney may waive such defense, we find there was no such waiver. At the close of plaintiff's case, the attorney for Marietta Muller made the following motion: " If the Court please, I move to dismiss the complaint as against Marietta Muller as executrix and also as against Marietta Muller as trustee on the ground that the plaintiff has failed to plead or prove a cause of action against her in either representative capacity."

This was denied and exception duly taken. He then moved to dismiss as against all defendants, " in their representative as well as in their individual capacities," on the ground that plaintiff had failed to prove a case, that plaintiff was guilty of contributory negligence, lack of notice of the condition on the part of the defendant, and absence of proximate cause. At the close of the entire case these motions were renewed and denied, and exception was duly taken.

This did not constitute a waiver of election. Proper motions to dismiss had been made and denied. Exceptions had been taken.

Nor did the cross-claim over against the owner of the truck, Parish Produce, Inc., under section 264 of the Civil Practice Act, constitute a waiver. It was merely an assertion that if liability were imposed on the defendants, they claimed a right over against the truck owner. It cannot reasonably be construed as an admission of liability or the relinquishment of any right or defense.

Must we then dismiss the complaint and deny any relief to this plaintiff who has been injured grievously while a pedestrian upon the sidewalk, without any fault on his part, through the proven negligence of those in control of the premises in question?

While as shown above the judgment may not lie as against the Muller estate and Marietta Muller as executrix and trustee, yet we. have a finding by the jury of negligence against the individual defendant Marietta Muller, which was changed under the direction of the learned justice to a finding against the Muller estate. This was error.

Moreover, in an action for negligence against a trustee or executor in possession or control of premises, it has been held that although an action may be entitled against defendants-executors of a last will and testament, judgment may be entered against these defendants individually. (*Donohue* v. *Kendall*, 50 N. Y. Super. Ct. 386, 388 [18 Jones & Spencer]; affd., 98 N. Y. 635.) There the court said: " As to the plaintiff, whatever was the title or right of the defendants, they had an obligation to her, because as natural persons they were in control of the premises and managed them, and were liable for any negligence on their part." Also it has been stated as the general rule in most jurisdictions that where a trustee is sued as trustee, a judgment may be entered against the defendant individually and the words " as trustee " may be treated as surplusage. (3 Bogert on The Law of Trusts and Trustees, p. 2161, cit. Mass. & Va. cases; see also *Bannigan* v. *Woodbury*, 158 Mich. 206; *Hampton* v. *Foster*, 127 Fed. Rep. 468.) This same principle has been applied to permit an amendment of the pleadings so as to change the capacity in which a defendant is sued, the court saying: " It merely changes the capacity in which the same person is sought to be charged * * *. The court in the case supposed is deemed to have acquired jurisdiction over the person of the individual served and may continue to exercise that jurisdiction over him in any capacity in which the plaintiff seeks to render him liable, provided only that he in his own person is the only one

called upon to litigate the issue proffered by the declaration."
(*Boyd* v. *U. S. Mortgage & Trust Co.*, 187 N. Y. 262, 270, 272.)

However, when a plaintiff declares upon a contract instead of upon negligence, a different rule may have been applied, particularly where the defendants are sued only in a representative capacity and there has been no attempt to amend the pleadings or where the defendant had relied upon the suit being invalid because brought in a representative capacity and, therefore, had had no witnesses available. In such case the defendant was denied an opportunity to call witnesses in his behalf or to defend himself. (*O'Brien* v. *Jackson*, 167 N. Y. 31; *Austin* v. *Monro*, 47 N. Y. 360.) None of these difficulties presented themselves in the case at bar. As the defendant Marietta Muller was made a party in both capacities, and the trial proceeded against her not only as executrix and trustee but also individually, she had her full day in court in both capacities.

The judgment in so far as it affects the Muller estate and Marietta Muller as executrix and trustee should be amended so as to read solely as against Marietta Muller, individually, without costs.

The judgments should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgment accordingly.