**TOMKO v. CITY BANK FARMERS TRUST CO.**

**DEERING, MILLIKEN & CO., Inc., v. OTIS ELEVATOR CO. et al.**
**No. 2473.**

District Court, E. D. New York.

Feb. 6, 1943.

Solomon C. Whitbeck, of New York City, for third party defendant Peelle Co., Inc.

John P. Smith, of New York City, for defendant and third party plaintiff Deering, Milliken & Co., Inc.

John J. Kirwan, of New York City, for defendant City Bank Farmers Trust Co.

Glenney, Mathews, Grant & Hampton, of New York City, for third party defendant Otis Elevator Co.

MOSCOWITZ, District Judge.

This is a motion made by the Peelle Company, Inc., third party defendant, for an order striking out the cross-complaint of Deering, Milliken & Co., Inc., as against the third party defendant, the Peelle Company, Inc. The grounds of the motion are:

"1. That the said cross complaint fails to state a claim against the Third Party Defendant, The Peelle Company, Inc. upon which relief can be granted.

"2. That the said cross complaint fails to state facts sufficient to constitute a cause of action against this defendant, The Peelle Company, Inc.

"3. That said alleged cause of action set forth in the said cross complaint is not one which may properly be interposed in this action.

"4. That the plaintiff's complaint charges the defendant and Third Party Plaintiff with active and independent acts of negligence which constitute a primary and efficient cause of the alleged accident for which acts this Third Party Defendant could not be held liable.

"5. That as a primary tort feasor, the Third Party Plaintiff, Deering, Milliken & Co., Inc., is not entitled to indemnification

but must respond for its own wrong, if any."

The action is one to recover damages for the wrongful death of plaintiff's intestate due to an accident which occurred October 12th, 1940, at premises 60 Leonard Street, Borough of Manhattan, City of New York. The death was caused by the deceased falling into an elevator shaft.

The summons and complaint were served upon the defendant Deering, Milliken & Co., Inc., on December 31st, 1941. Issue was joined by service of said defendant's answer on January 19th, 1942. Thereafter, on September 2, 1942, an order was made by this Court impleading as parties defendant Otis Elevator Company and the Peelle Company, Inc., as is provided in Rules 13 (h) and 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On September 28, 1942, a summons and third party complaint were served upon the Peelle Company, Inc., which defendant served its answer on November 2, 1942.

It is unnecessary to cite authorities for the proposition that for the purpose of this motion the allegations contained in the plaintiff's complaint and in the third party complaint must be deemed true. The essential portions of the plaintiff's complaint and the third party complaint, for the purpose of this motion, are paragraph 25 of the complaint and paragraph 8 of the third party complaint, which are as follows:

Paragraph 25 of the complaint: "That said accident to and death of the deceased were caused through and by reason of the carelessness and negligence of the defendants and that of their agents, servants and employees, in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said elevator and the shaft door, mechanism and appurtenances thereof, to be and to remain in an unsafe, defective and dangerous condition and in a state of disrepair, and so maintained as not to permit of the safe use thereof by those entitled to make use thereof, including the deceased; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time failing and omitting to see to it that said elevator and the shaft door, mechanism and appurtenances thereof, were at all times maintained in a reasonably safe and suitable condition and fit for the purpose intended, and so maintained as to permit of the safe use thereof by those entitled to make use thereof, includ-

ing the deceased; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said elevator and the shaft door, mechanism and appurtenances thereof to be so maintained as to result in the shaft door, or gate, or similar appliance of said elevator, upon the said floor from which deceased fell, being open at a time when said elevator was at another floor or level, contrary to the statutes, ordinances, rules and regulations in such case made and provided; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time failing and omitting to give any notice or warning of the dangers and conditions then and there existing to the knowledge of the defendants and that of their agents, servants or employees, or of which, in the exercise of reasonable care, they could and should have known; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said elevator, shaft door, mechanism and appurtenances thereof, to be and to remain in the respects above set forth at a time when the said defendants and their said agents, servants and employees knew, or in the exercise of reasonable care, could and should have known that the said elevator, elevator gate, shaft door, mechanism and appurtenances thereof, in their then condition, were likely to and would result in injury to those lawfully making use of said elevator, including the deceased; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said premises and, in particular, the area near, at and about the entrance to said elevator, upon the said floor of said premises, to be and to remain dark and insufficiently illuminated; in so carelessly conducting themselves in and about the care and maintenance of and failure to properly and seasonably inspect and examine and otherwise keep in a proper state of repair, said elevator, elevator gate, shaft door, mechanism and appurtenances thereof, in the respects above set forth and for so long a time as to constitute the same in their then condition a menace and a nuisance; and the defendants and their said agents, servants and employees were otherwise careless and negligent in failing and omitting to take proper and suitable precautions for the safety of the deceased."

Paragraph 8 of the third party complaint: "That the complaint herein alleges in substance that at the times mentioned therein, the defendant, City Bank Farmers Trust Co., was the owner of premises known as #60 Leonard Street, in the Borough of Manhattan, City of New York; that the defendant, Deering, Milliken & Co. Inc., was the lessee of said premises, and that both defendants reserved to themselves and exercised control over said premises, including a certain freight elevator therein, which freight elevator was provided for the use of those lawfully in said premises; that for a long time prior to the times mentioned in the complaint, said elevator was used by those lawfully having business in said premises to the knowledge of the defendants; that on or about the 12th day of October, 1940 while the deceased who was employed in said premises, was in the act of entering said elevator, the same was then at a floor or level other than that from which the deceased fell and that as a result thereof the deceased was precipitated into the shaft of the said elevator and sustained injuries resulting in or hastening his death; that the said accident to and the death of the deceased were caused through and by reason of the carelessness and negligence of the defendants and that of their agents, servants and employees, in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said elevator and the shaft door, mechanism and appurtenances thereof, to be and to remain in an unsafe, defective and dangerous condition and in a state of disrepair, and so maintained as not to permit of the safe use thereof by those entitled to make use thereof, including the deceased; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time failing and omitting to see to it that said elevator and the shaft door, mechanism and appurtenances thereof, were at all times maintained in a reasonably safe and suitable condition and fit for the purpose intended, and so maintained as to permit of the safe use thereof by those entitled to make use thereof, including the deceased; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said elevator and the shaft door, mechanism and appurtenances thereof to be so maintained as to result in the shaft door, or gate, or similar appliance of said elevator, upon the said

floor from which deceased fell, being open at a time when said elevator was at another floor or level, contrary to the statutes, ordinances, rules and regulations in such case made and provided; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time failing and omitting to give any notice or warning of the dangers and conditions then and there existing to the knowledge of the defendants and that of their agents, servants or employees, or of which, in the exercise of reasonable care, they could and should have known; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said elevator, shaft door, mechanism and appurtenances thereof, to be and to remain in the respects above set forth at a time when the said defendants and their said agents, servants and employees knew, or in the exercise of reasonable care, could and should have known that the said elevator, elevator gate, shaft door, mechanism and appurtenances thereof, in their then condition were likely to and would result in injury to those lawfully making use of said elevator, including the deceased; in carelessly and negligently and knowingly and/or for a long and/or unreasonable length of time causing and permitting said premises and, in particular, the area near, at and about the entrance to said elevator, upon the said floor of said premises, to be and to remain dark and insufficiently illuminated; in so carelessly conducting themselves in and about the care and maintenance of and failure to properly and seasonably inspect and examine and otherwise keep in a proper state of repair, said elevator, elevator gate, shaft door, mechanism and appurtenances thereof, in the respects above set forth and for so long a time as to constitute the same in their then condition a menace and a nuisance; and the defendants and their said agents, servants and employees were otherwise careless and negligent in failing and omitting to take proper and suitable precautions for the safety of the deceased."

It will be noted that paragraph 8 of the third party complaint in effect reiterates substantially paragraph 25 of the complaint. In the third party complaint it is further alleged that prior to the accident, by virtue of a contract between the City Bank Farmers Trust Company and Otis Elevator Company, the Otis Elevator Company installed and constructed the elevator in question and that, pursuant to the contract entered into between City Bank Farmers Trust Company and the Peelle Company, Inc., the latter installed and constructed all the hoistway doors and interlocks for this freight elevator. The third party complaint alleges that, if the construction of the elevator, shaft doors, mechanism and appurtenances were in an unsafe, defective and dangerous condition and were not in a reasonably safe and suitable condition and were in such condition as the result of the installation, and that if such condition caused the accident, the said condition was created and caused by the Otis Elevator Company and the Peelle Company, Inc. at the time they constructed and installed the elevator and shaft door, mechanism and appurtenances thereof under and pursuant to the contracts with said Otis Elevator Company and the Peelle Company, Inc., and without any active participation therein on the part of the defendant and third party plaintiff. The third party complaint further alleges that if the plaintiff's intestate herein sustained the injuries which resulted in his death by reason of any negligence other than his own, then such injuries were caused by reason of the active, primary and original negligence of the third parties defendant, Otis Elevator Company and the Peelle Company, Inc., in creating and causing the condition of the elevator and shaft door, mechanism and appurtenances thereof alleged in plaintiff's complaint and without any active participation therein on the part of the defendant and third party plaintiff, Deering, Milliken & Co., Inc. The third party complaint alleges that, if the plaintiff recovers a judgment against the defendant and third party plaintiff, the third parties defendant would be liable over as indemnitors to the defendant and third party plaintiff.

It almost seems unnecessary to state that the substantive law of the State of New York governs in the determination of the questions of law raised upon this motion. The accident having occurred in the State of New York.

Under New York law, if the defendant and third party plaintiff Deering, Milliken & Co., Inc., and the third party defendant the Peelle Company, Inc., were joint tort feasors, there could be no recovery over by Deering, Milliken & Co., Inc., against the Peelle Company, Inc. See Wineck v. Yanoff, 265 App.Div. 835, 37 N.Y.S.2d 563; Nichols v. Clark, MacMullen & Riley, Inc., 261 N.Y. 118, 184 N.E. 729; Fox v. Western New York Motor Lines,

Inc., 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578.

If A enters into a contract with B by the terms of which A agrees to perform services (to erect an elevator, etc., as here) and C is injured as a result of the faulty construction, namely the negligence of A, so that B who is in possession and in control of the elevator becomes liable to C, A would be required to reimburse B for damages paid to C. Stating it in another way, if a person is guilty of active negligence, in addition to being liable to the injured person is also liable to the one legally responsible for his negligence as in the example above set forth, A being the one through whose negligence C was injured is required to indemnify and hold harmless B for any damages paid to C. See Toth v. Kennedy & Smith, Inc., et al., 285 N.Y. 579, 33 N.E.2d 249; Kirchner v. Muller, 280 N.Y. 23, 19 N.E.2d 665, 127 A.L.R. 681; Westchester Lighting Co. v. Westchester C. S. E. Corp., 278 N.Y. 175, 15 N.E.2d 567; Doyle v. Union Railway Co. et al., 276 N.Y. 453, 12 N.E.2d 541.

The conclusion seems inescapable that the third party complaint sets forth a cause of action. Pursuant to Rule 49 of the Federal Rules of Civil Procedure the rights of the movant can be amply protected upon the trial (See Holtzoff, New Federal Procedure and the Courts, pgs. 126 to 131 inclusive) by the Court submitting to the jury interrogatories—for example—the Court could, among others, submit to the jury (1) whether the parties are joint tort feasors, (2) whether the parties are several tort feasors. In the event that they are joint tort feasors judgment would go to the movant.

Motion denied.

Settle order on notice.