**GOLDLAWR, INCORPORATED,**
Plaintiff,

v.

**Milton SHUBERT, William Klein, and Sylvia W. Golde, Defendants.**

United States District Court
S. D. New York.

Feb. 11, 1960.

See also 175 F.Supp. 793.

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Curtis, Mallet-Prevost, Colt & Mosle, New York City, Dolores Korman and Harold E. Kohn, Philadelphia, Pa., of counsel for plaintiff.

Hess, Mela, Segall, Popkin & Guterman, New York City, Lionel Popkin, New York City, of counsel, for defendant William Klein.

PALMIERI, District Judge.

The plaintiff seeks an order pursuant to Rule 34, Fed.R.Civ.P., 28 U.S.C.A., directing defendant William Klein to produce documents. Plaintiff's requests are itemized in 18 paragraphs. Defendant Klein objects to paragraphs 11 and 13–17; he does not oppose production of the documents described in paragraphs 1–10, 12, and 18.

Paragraph 11 calls for reports of accountants with regard to theatre properties in which the Estate of Lee Shubert has an interest. Defendant Klein, who is one of the executors and trustees of the Estate of Lee Shubert, contends that he should not be required to respond to this request because he is before this Court as an individual and not in his representative capacity. The plaintiff does not and, indeed, cannot maintain that Klein and his co-defendants are before the Court in their fiduciary capacity. See Goldlawr v. Shubert, D.C.E.D.Pa.1958, 169 F.Supp. 677, 687–688. However, plaintiff relies on the settled principle that a fiduciary is personally liable to third persons for torts committed in the course of the administration of trust property. 2 Scott on Trusts, § 264 (1939). Since Klein would be liable in his individual capacity for torts occurring in the course of his administration of the Estate of Lee Shubert, the objection that Klein has not been sued in his representative capacity is misplaced. See Kirchner v. Muller, 1939, 280 N.Y. 23, 19 N.E.2d 665, 127 A.L.R. 681; Miller v. Jacobs, 1949, 361 Pa. 492, 65 A.2d 362.

Defendant Klein also maintains that the Estate has no interest in theatre properties which are held through the Shubert partnership. It is contended that under the applicable New York law, J. J. Shubert, the surviving partner, has the exclusive right to conduct the business and the representatives of Lee Shubert, the deceased partner, have no right to interfere. It is not denied, however, that the executors have a substantial equitable claim based on Lee Shubert's interest in partnership holdings. The objection that the executors and trustees never participated in partnership operations, see Scott on Trusts, supra at p. 1490, will be reserved for consideration in connection with the motion for summary judgment filed by defendant Klein. At the discovery stage, the Rules countenance efforts to uncover evidence and the concept of relevancy is given broad application. See 4 Moore, Federal Practice, §§ 34.09, 34.10 (2d ed. 1950). I therefore direct defendant Klein to produce the documents described in paragraph 11.

Plaintiff has made sweeping requests in paragraphs 13–16 with regard to defendant Klein's activities as

an attorney. Much of this information should be obtainable as of right by the appropriate use of other discovery procedures. See Margeson v. Boston & Me. R. R., D.C.Mass.1954, 16 F.R.D. 200, 202. Until plaintiff has attempted to use a less burdensome method of obtaining the desired information, I will decline to order the extensive production sought. Therefore, I direct defendant Klein to produce a lease, agreement, or other document, if such a document is in his possession, which will fairly indicate to the plaintiff the nature of Klein's occupancy of offices in "Shubert" buildings. Similarly, I direct defendant Klein to produce a representative document, if such a document is in his possession, which sets forth the nature of his employment relationship as attorney for the "Shubert" interests. However, I decline to order the production at this time of all papers relating to such occupancy and employment during the relevant period of inquiry. As to services rendered and payments received in any capacity other than that of attorney. I direct Klein to comply fully with the requests contained in paragraphs 15 and 16.

For the reasons discussed in relation to paragraph 11, I direct Klein to furnish the documents sought in paragraph 17. Plaintiff's description appears to be sufficient to enable Klein to identify the papers requested. By furnishing these papers, Klein is not precluded in any way from urging at the appropriate time that the descriptive language and references used by plaintiff in paragraph 17 are incorrect or inaccurate.

The motion to produce is granted in all respects as to paragraphs 1–12 and 17–18. The motion is granted in part and denied in part as to paragraphs 13–16. To the extent that the motion is denied, plaintiff is given leave to renew its request should defendant Klein fail to furnish adequate information in response to other discovery devices.

So ordered.